## MARY RODGERS *vs.* OZIAS E. PALMER.

In a proceeding under the statute by summary process to obtain possession of houses or lands against a tenant whose lease has expired, the defendant can not defend by showing that the lessor had no title.

But the lessee may show a title in himself, obtained after the date of the lease, and in support of *that* may attack the title of the lessor.

By the term "title" in the statute, is meant a paramount legal right of possession.

Therefore where in such a proceeding the lessee defended by setting up a new lease obtained after the date of the expired lease, from an execution creditor who had levied upon the premises as the property of the grantor of the lessor, and in support of the title of the execution creditor offered evidence to show that as to such creditor the deed from the execution debtor to the plaintiff was fraudulent and void, and the court excluded the evidence, it was holden that there was error.

WRIT of error to the superior court from a judgment of a justice of the peace, upon a complaint in summary process for the recovery of the possession of leased premises.

The original suit was brought by Palmer, the defendant in error. On the trial before the justice he offered in evidence a deed of the premises from one Daniel W. Rodgers to himself, executed prior to the date of the lease, and also a lease from himself to the defendant, executed interchangeably by the parties. The defendant objected to the deed as having been given fraudulently to avoid a debt due from the grantor to one Harriet Markham, under whom by a later lease the defendant claimed to hold the premises, and if the deed should be received claimed the right to show that it was thus fraudulently given. The justice however admitted the deed in evidence and refused to admit evidence of its fraudulent character. The defendant claimed that since hiring the premises of the plaintiff she had hired them under a new lease from the said Harriet Markham, and to prove the title of the latter offered in evidence the record of a judgment in her favor against Daniel W. Rodgers, and the levy of the execution issued thereon upon the premises in question, since the execution of the deed from said Daniel to the plaintiff, with evidence that the deed was fraudulent and void against the

said Harriet, and that her title was therefore paramount to that of the plaintiff, but the justice refused to receive the evidence for the purpose for which it was offered, and held that he had no right in that suit to determine whether the title of the said Harriet was superior to that of the plaintiff, and rendered judgment for the plaintiff. The defendant thereupon filed a bill of exceptions and brought the present writ of error, which was reserved by the superior court for the advice of this court.

*A. Hall* and *A. P. Hyde*, for the plaintiff in error, cited *Gore* v. *Brazier*, 3 Mass., 523; *Hamilton* v. *Cutts*, 4 id., 349 ; *City of Boston* v. *Binney*, 11 Pick., 8 ; *Johns* v. *Church*, 12 id., 561 ; *Zeller's Lessee* v. *Eckhert*, 4 How., 289, 295.

*Culver* and *L. L. Phelps*, for the defendant in error, cited Taylor's Land. & Tenant, § 629 ; *Du Bouchet* v. *Wharton*, 12 Conn., 538 ; *White* v. *Bailey*, 14 id., 271.

BUTLER, J. Our statute giving a summary process for recovering possession of leased property wrongfully holden over is framed upon the idea that the tenant shall not be permitted to dispute that his landlord had title at the time the lease was given. It accordingly specifies the issues to be tried, and excludes the question whether he had such title or not. The justice was right therefore in refusing to entertain the question, as an isolated one, whether the deed from David to Mary Rodgers was valid or not, because if fraudulent in respect to creditors it was good between the parties and their lessees, and because the deed by itself was of no importance in the case.

But the statute does expressly provide that if the lessee obtain a title after the date of the lease, from the lessor, or any other person, he may show it in defence of his continued possession. By the term "title" in that connection is meant a right to the possession paramount to that of the complainant. The complainant may be a lessee, and the defendant a sublessee. Both leases may have expired and the defendant may

have taken in the legal title or taken a new lease from the owner of the fee. It would not be just to permit him to show merely that the complainant's lease had expired, but it would be clear injustice to prevent him from showing that he had acquired the absolute estate after the date of the lease, or a new lease from the owner, or from a grantee of the owner, or from one who had taken the title of the owner by levy of execution. As against Harriet E. Markham, as a creditor, the deed from David to Mary Rodgers may have been fraudulent, and Harriet E. Markham may have obtained the legal title to the premises by her execution, and the defendant by attornment may have become her tenant. If these three things were true the defendant had procured a title after the date of the lease, within the letter and spirit of the statute, and had a right to show it in his defence. In order to do so it became necessary not only to show a levy of execution and an attornment, but a title in David Rodgers at the time of the attachment or levy, and to attack for that purpose the validity of that deed from David to Mary Rodgers. It is sufficiently apparent from the bill of exceptions that the justice did not permit that to be done, and because he did not think it within his province and jurisdiction to determine that question, even in connection with the other two facts and for the purpose claimed. In that he erred, and there is therefore manifest error in the record.

In this opinion the other judges concurred.