## Lewis S. Barnum vs. Lyman Keeler.

Under a proceeding of summary process to recover possession of leased premises for the non-payment of rent, where a general denial alone is pleaded, the defendant can not introduce evidence of the breach of a covenant of the lease on the part of the complainant, by which he has sustained damages greater than the amount of the rent claimed.

This is matter in avoidance, which should be pleaded specially, or of which notice should be given under a general denial.

If such a claim for damages can in any case constitute a defence to such a suit, the damages must be equal to or greater than the amount of the rent due. If less they would be of no avail.

WRIT of error to the superior court from a judgment of a justice court in favor of the complainant in a summary process for obtaining possession of a house occupied by the original defendant under a lease from the original plaintiff. The defendant in the justice court pleaded a general denial of the allegations of the complaint. The complaint alleged a forfeiture of the lease by the non-payment of a quarter's rent which fell due on the 2d day of October, 1865. The lease was for three years from April 1, 1864. It appeared by it that the lessor was bound to keep the premises in repair.

On the trial the defendant offered evidence to prove that, prior to October 1st, 1864, the premises were out of repair, and that he suffered great damage in consequence, and that the complainant refused to put the premises in repair as stip-

ulated in the lease. To the introduction of this evidence the plaintiff objected, and the court refused to receive it. After judgment for the complainant the defendant brought the present writ of error, assigning for error the above ruling of the court. The superior court (*Butler, J.,*) affirmed the judgment of the justice's court, and the plaintiff in error brought the record before this court by motion in error.

*Taylor*, for plaintiff in error.

*Ferry* and *Brewster*, for defendant in error.

CARPENTER, J. If the plaintiff had brought an action for the recovery of rent due under this lease, the defendant might, under appropriate pleadings, recoup such damages as he has sustained by reason of the breach of the plaintiff's covenants. *Avery* v. *Brown*, 31 Conn., 398.

And in this action, if the pleadings raised that issue, perhaps the defendant might show, if the fact was so, that the amount of damages sustained by him was equal to or greater than the rent due, as a defense to the action. But it is quite clear that if the damages are less than the rent due the evidence is immaterial; as the question is not how much, but whether any rent is due ; for if any is due the verdict must be the same, whether it is much or little. From the case as presented to us we strongly suspect the defendant's damages would fall below the amount of rent due; but however this may be, the pleadings lay no foundation for the introduction of this evidence. The complaint alleges that a quarter's rent is due and unpaid. The plea is a general denial of all the allegations in the complaint. This gives the plaintiff no notice that the defendant will rely on a breach of the contract by the plaintiff. The matter relied on is matter of avoidance, being new matter, which admits the allegations in the complaint to be true, but insists that the plaintiff must fail, because the defendant has a claim against him, which he proposes to apply in payment of the rent. He does not claim to have paid the rent, but offers an excuse for not paying it.

Defenses of this character must always be pleaded or notice thereof must be given under the general issue. Gould's Pleading, p. 34.

There is therefore no error in the judgment complained of.

In this opinion the other judges concurred, except BUTLER, J., who having tried the case in the court below did not sit.