Lang *v.* Young.

SUPREME COURT OF ERRORS.

COUNTIES OF NEW LONDON AND WINDHAM.

MARCH TERM, 1868.

Present,

HINMAN, C. J., PARK, CARPENTER AND SANFORD, JS.*

---

GEORGE LANG *vs.* CHARLES YOUNG.

The statute with regard to summary process for recovering possession of leased
    premises, (Gen. Statutes, p. 81, sec. 350,) provides that the process shall apply
    to all cases where leases have terminated by lapse of time or by reason of any
    express stipulation therein. A lease was made with a condition that the prem-
    ises should be used only for a certain specified purpose, but there was no express
    stipulation that the lease should terminate upon a breach of the condition. Held
    that the process would not lie for the recovery of the premises upon a breach of
    the condition.

WRIT of error to reverse a judgment of a justice of the
peace upon a lessor's complaint under the statute with regard
to summary process for recovering possession of leased prem-
ises; brought to the superior court in New London county.

The complaint to the justice was as follows:—"That on
the 1st day of April, 1867, the plaintiff leased unto George
Lang, of Norwich in said county, certain premises, situated
on Franklin Square, in said town of Norwich, described as
follows, to wit:—A store and the basement cellar connected
therewith, known as No. 5, Franklin Street, and in the build-
ing on said square known as "Young's Block," which said
lease was for the term of one year from the 1st day of April,

---

* Judge Butler being unable to attend, Judge Sanford of the superior court was
called in to sit during the term, unde___ _____ 1 of the act of 1867, authorizing
the Chief Justice to call in a judge of ___ ___ court in such a case.

1867, to be fully completed and ended on the 1st day of April, 1868; the conditions of said lease being that the said George Lang, the lessee, should use and occupy the same as a cigar and tobacco shop, and for no other purpose, and that he, the said lessee, should not underlet the same to any person or persons during the continuance of the lease aforesaid. And the complainant says that the said George Lang entered into said premises under the terms of said lease, that in violation of the terms of said lease he is now permitting the said store to be kept as a liquor and dram shop, and that he has under-let the same in violation of said lease and of the terms and conditions thereof. And the complainant says that, on the 2d day of October, 1867, he gave notice to the said lessee to quit possession of said premises on or before the 2d day of November, 1867, which notice was in writing in due form, as is required by the statute in such case made and provided, and a duplicate copy thereof was served upon the said lessee as required by said statute, on the 2d day of October, 1867 ; and yet the said lessee, said notice not regarding, has not quit possession of said premises, but neglects and refuses so to do, and still continues to occupy said premises, and to hold over after the termination of said lease. Wherefore the com-plainant prays that due process may be issued against the said lessee according to the form of the statute aforesaid, and such proceedings had that the complainant may be restored to the rightful possession of said premises, which to recover with costs he brings suit."

The plaintiff in error (the original defendant) assigned among other errors in the judgment against him, that the justice held that the complainant could maintain his action although there was no condition expressed in the lease that if the lessee used the leased premises for any other purpose than as a cigar and tobacco shop he should thereby forfeit his rights as lessee and the lease should terminate.

The statute upon which the complaint was brought, so far as relates to the question here made, is as follows :—" When-ever a lease of any land, dwelling house, or other building, or of any apartment in such house or building, whether the

same be in writing or by parol, shall terminate by lapse of
time, or by reason of any express stipulation thereof, and the
owner or lessor shall desire to obtain possession of the same,
&c." The case was reserved by the superior court for the
advice of this court.

*Hovey* and *Holbrook*, for the plaintiff in error.

*Halsey* and *Merwin*, with whom was *Young*, for the defend-
ant in error.

PARK, J. The provisions of the statute in relation to sum-
mary process apply only to cases where leases terminate by
.lapse of time or by reason of some express stipulation in
them. Gen. Statutes, p. 81, sec. 350. The old law limited
this process to cases where leases terminated by lapse of time,
and would not permit lessors to resort to this summary mode
of obtaining possession of their premises before that time
arrived, even in cases where the parties had expressly stipu-
lated that the lease should expire on the non-fulfilment of
some covenant of the lease. *DuBouchet* v. *Wharton*, 12
Conn. R., 533. What was said concerning the old law may
be said in relation to the present statute, that the legislature
intended that the questions to be submitted to the justice
court should be few, simple, and easily understood. To this
end they provided that it must appear in every case that the
lease had terminated by lapse of time, or by reason of some
express stipulation of the lease, before the justice should
have jurisdiction of the cause. The lease in the present case
contains no express provision for its termination otherwise
than by lapse of time. It is true that it was given on condi-
tion that the premises should not be underlet, or appropriated
to other business than that of a cigar and tobacco store, but
what effect a breach of the condition should have upon
the lease is not stated. It is only by inference that we come
to the conclusion that the parties intended that the lease
should terminate upon the non-fulfilment of the condition,
because the common law might so regard it, in a proper ac-

tion brought to recover possession of the premises, after · proper steps had been taken to terminate the lease; but the parties themselves have not directly provided for such a result.   The lease must expire "by reason of some express stipulation thereof," is the language of the statute, not by inference, not by operation of law, but by the express stipulation of the parties that the lease shall expire or become void on the non-fulfilment of the condition.

Cases might be supposed where grave questions would arise, whether the leases were the subjects of forfeiture at the common law on the non-fulfilment of some provisions in them, and such questions the legislature never intended should be tried in this summary proceeding, which would be the case if the lessor's interpetration of the statute is correct; for no distinction could be made between those cases which are free from doubt in this respect, and those which are complicated and difficult.

We advise the superior court that there is manifest error in the judgment complained of.

In this opinion the other judges concurred.