CAROLINE M. MARSH vs. HIRAM M. BURHANS.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, Js.

Erroneous proceedings in an action of summary process can be reviewed only upon a writ of error, which should be brought directly to this court from the judgment of a City Court. An appeal from such a judgment will not lie, and, if taken, will be erased by this court on motion.

Argued October 3d—decided October 17th, 1906.

ACTION of summary process, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff, from which the defendant appealed.

In this court the appellee filed a motion to erase, upon the ground that an appeal would not lie from the judgment of the City Court, the defendant's remedy being by writ of error. *Motion to erase granted.*

*Percy S. Bryant*, for the appellant (defendant).

*George J. Stoner*, for the appellee (plaintiff).

HALL, J. On the 3d of April, 1906, the plaintiff brought an action of summary process against the defendant, returnable before the City Court of Hartford, in which, on April 30th, judgment was rendered for the plaintiff. On the 10th of September, 1906, the judge of the City Court filed a finding of facts, and on the 19th of September the defendant's appeal to this court, filed on that day under § 788 of the General Statutes, was allowed, upon his giving the usual appeal bond for costs.

Section 788, under the second provision of which concerning appeals the defendant claims the right of appeal to this court, as amended by chapter 112 of the Public Acts of 1905, p. 324, provides that " upon the trial of all matters of fact in any cause or action, except summary process, in the superior court, court of common pleas, district court of Waterbury, or any city court, whether to the court or jury, if either party thinks himself aggrieved by the decision of the court upon any question or questions of law arising in the trial, he may appeal from the judgment of the court in such cause or action, and remove the said question or questions, for revision, to the supreme court of errors . . . ; and when final judgment is rendered in any cause in which a party may be entitled to a writ of error to the supreme court of errors, he may appeal from such judgment to the next term of said court which would have cognizance of a writ of error in the cause."

The plaintiff moved to erase the appeal from the docket of this court, upon the ground that the provisions of § 788 did not apply to actions of summary process, and that the

defendant's only remedy for the alleged errors of the City Court was by writ of error.

The questions raised by said motion and by the appeal were argued together.　We shall consider the former only.

The action of summary process is a special, statutory remedy to enable landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. 1 Swift's Dig., s. p. 511.　"The proceeding was not only intended to be summary, but conclusive." *Banks* v. *Porter*, 39 Conn. 307, 308.

By § 1078 of the General Statutes the action of summary process is made returnable before a justice of the peace. Section 1081 provides that "no appeal shall be allowed from any judgment rendered in any such action."　Manifestly the appeal here referred to is that allowed by § 540 of the General Statutes from the judgment of a justice of the peace, by which the case is tried *de novo* in the appellate court.　Under § 817 a writ of error lies from the judgment of a justice in an action of summary process to the Court of Common Pleas, or to the Superior Court, but not to the Supreme Court of Errors.　By § 1087 the defendant in an action of summary process is allowed but forty-eight hours after final judgment for filing his bill of exceptions and procuring his writ of error, and is required to give a sufficient bond, with surety, to the plaintiff to answer for all rents that may accrue during the pendency of the writ of error.

As sustaining his claimed right of appeal to this court from a judgment in an action of summary process, the defendant apparently relies (1) upon § 1 of a special act of 1905, which provides that the City Court of Hartford shall thereafter have exclusive jurisdiction of all civil cases now cognizable by justices of the peace for the town of Hartford (14 Special Laws, p. 600) ; (2) upon § 819 of the General Statutes, which provides that writs of error from matters of law only, may be brought from the judgments of

Marsh *v.* Burhans.

any City Court to the Supreme Court of Errors; and (3) upon that portion of § 788 of the General Statutes which provides that when a final judgment is rendered in any cause in which a party may be entitled to a writ of error to the Supreme Court of Errors, he may appeal from such judgment to said court.

Whether the express exception of summary process in the second line of § 788, by the amendment of 1905, should be treated as extending through the entire section, as claimed by the plaintiff, we do not decide, since we are satisfied that without any express exception of the action of summary process, the provisions of § 788 are not made applicable to that special statutory proceeding, merely because the jurisdiction of a justice of the peace in such cases has in some instances been conferred by special acts upon city courts.

In *Banks* v. *Porter*, 39 Conn. 307, it was held that the action of summary process, from its special character and purpose, was not within the purview of what is now § 823 of the General Statutes, which provides that if a judgment or decree shall be reversed by the Superior Court, or Court of Common Pleas, on a writ of error, either party may enter the case for trial in such court, although the language of that statute is sufficiently comprehensive to include the action of summary process. The same and even more convincing reasons may be urged why the present appeal is not authorized by the provisions of § 788. To allow such an appeal would practically take away from this process its summary character, by permitting a defendant, instead of procuring a writ of error within forty-eight hours after final judgment, to defer filing an appeal until a finding of facts had been filed and so to cause a possible delay of several months in the proceedings, and would also deprive the plaintiff of the protection afforded him by statute when the defendant in summary process procures a writ of error, by allowing the latter to take an appeal under § 788 without giving a bond with surety to answer for the rent that might accrue during the pendency of the appeal.

The only method of procuring a revision of erroneous proceedings in an action of summary process is by writ of error. That remedy was open to the defendant in the present case. As the judgment was rendered by a City Court, such writ of error, under § 819, could have been brought by the defendant to the Supreme Court of Errors only. The provisions of § 1087 are applicable to a writ of error from the judgment of a City Court in an action of summary process. To have entitled the defendant, therefore, to a writ of error from the judgment of the City Court in the present case, he should, as provided by § 1087, have filed his bill of exceptions and procured his writ of error within forty-eight hours after the judgment was rendered, and should have given the required bond for the rent that might accrue during the pendency of the writ of error.

The motion to erase is granted.

In this opinion the other judges concurred.