ISADOR E. GOLDBERG ET AL. *vs.* CALLENDER BROS., INC.
ISADOR E. GOLDBERG ET AL. *vs.* CALLENDER BROS., INC.

First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A writ of error and not an appeal is the method provided by statute (§ 6122) for reversing the rulings and judgment of the trial court in an action of summary process.

An appeal to this court in such an action will be erased from the docket upon motion of the appellee.

Summary process is a special statutory (§ 6119) procedure of limited application, and lies to recover possession of leased premises only where the lease has terminated by lapse of time or by reason of an express stipulation therein.

A stipulation in a lease that the premises should be used only as a liquor saloon is not violated by a sublease for another use for the unexpired portion of the term, in the absence of any averment that they had in fact been used otherwise than as a saloon.

The landlord claimed that the adoption of the Eighteenth Amendment had precluded the further sale of liquor and thus had put an end to the lease. *Held* that even if this were so, the result would have come by operation of law and not by express stipulation of the lease.

Argued May 7th—decided June 10th, 1920.

ACTION of summary process, brought to the City Court of Hartford and erased from the docket (*Bullard, J.*) upon motion of the defendant, from which ruling the plaintiffs appealed. *No error.*

WRIT OF ERROR to reverse a judgment of the City

Court of Hartford (*Bullard, J.*) dismissing and erasing from the docket an action of summary process pending therein. *No error.*

The appellants in the first of the above-entitled actions and the plaintiffs in error in the other, brought to the City Court of Hartford an action of summary process against the appellee and defendant in error, respectively, to obtain possession of certain premises in Hartford occupied by the latter under a written lease thereof for a term of ten years from July 1st, 1914. Their complaint alleged the execution of the lease, the entry of the lessee into possession under it, and their continued possession up to the present time. The lease, which was annexed to and made a part of the complaint, contained, among others, the following covenants:—

(1) "If default shall be made in any of the covenants herein contained and to be kept and fulfilled on the part of the said party of the second part, then it shall be lawful for the said party of the first part at any time after such neglect or default, and without any previous demand or notice whatever, to re-enter and take possession of said leased premises and such re-entry and taking possession shall forthwith end and terminate this lease. (2) It is hereby agreed that the premises herein leased shall be used only as a saloon and liquor establishment, and this instrument is conditioned upon said agreement, which shall be a condition precedent to the operation of this lease. (3) The privilege is hereby given to the said party of the second part to assign or underlet said premises during said term."

The complaint further alleged that the lessee did, on or about February 9th, 1920, sublet the premises to other parties for the purpose of conducting a boot and shoe store therein; that subsequent to the execution and delivery of the lease, to wit, on or about July 1st,

1919, the sale of intoxicating liquors became illegal and a nuisance; that on January 16th, 1920, such sale became illegal by virtue of the express provision of the 18th Amendment of the Federal Constitution; that by reason of said provisions of law the lease became void by operation of law; that by reason of the said subletting, and of the law forbidding the sale of intoxicating liquors, the lease had by virtue of its express stipulations expired and terminated; that the complainants had re-entered and taken possession of the leased premises for the purpose of terminating the lease and that thereby the lease became terminated, and that the lessee refuses to quit possession of the premises, and still holds possession thereof.

*John J. Dwyer*, for the appellants and plaintiffs in error.

*Francis P. Rohrmayer*, with whom, on the brief, was *John T. Robinson*, for the appellee and defendant in error.

PRENTICE, C. J.   The plaintiffs, in the summary process action brought to the City Court of Hartford against their lessees under a written lease to recover possession of the leased premises, having failed in that proceeding and desiring a review by this court of the City Court's action in erasing it from the docket, took an appeal to this court, being the first of the two above entitled cases.  This course, as applicable to a summary process action, was mistaken and unauthorized.  General Statutes, § 6122.  Correction of errors committed by a trial court in such proceedings can be obtained by writs of error only.  *Marsh* v. *Burhans*, 79 Conn. 306, 310, 64 Atl. 739; *Brodner* v. *Swirsky*, 86 Conn. 32, 36, 84 Atl. 104.  The defendant's motion to erase this ap-

peal from our docket is, therefore, granted. *Marsh* v. *Burhans*, 79 Conn. 306, 64 Atl. 739.

Counsel for the plaintiffs having discovered his mistake in taking an appeal, later brought a writ of error, which is the second of the two cases appearing upon our docket. This writ brings before us for review the alleged errors involved in the City Court's dismissal of the summary process action, and calls for such review.

No question was made before us, or as far as appears, in the court below, as to the manner of its disposition of the case upon a motion to erase and dismiss. The only matter discussed concerned the plaintiffs' right to have relief by summary process upon the allegations of their complaint. To that subject we shall, therefore, confine our attention.

Summary process is a special summary proceeding of limited application. It is provided for by statute, and its use and limitations are therein carefully prescribed. Where, as here, a tenant is in possession under a written lease, his landlord can maintain summary process against him only when the lease has terminated either by lapse of time, or by reason of an express stipulation therein. General Statutes, § 6119. In the present case the term of the lease has not expired. On the contrary, it has some four years to run. If the plaintiffs in error were entitled to institute summary process proceedings when they undertook to do so, it must, therefore, be for the reason that the lease had terminated by reason of some express stipulation contained in it. The only stipulation relied upon as leading to that result, is one in the form of a covenant that the leased premises should be used only as a saloon and liquor establishment. It is contended that this provision, taken in connection with another, to the effect that if default should be made in any of the lease's covenants to be kept and performed by the

lessee it should be lawful for the lessors thereafter and without previous demand or notice to re-enter and take possession of the premises, and that such re-entry and taking possession should forthwith end and terminate the lease, and with the alleged facts that the sale of intoxicating liquors had been forbidden by law, that the lessee had sublet the premises for a purpose other than that designated in the lease, and that the lessors had re-entered and taken possession,—establishes that the lease had, when the summary process action was begun, become terminated by force of that document's express stipulations.  Conceding the fundamental basis of this contention, whether sound or unsound, it is only necessary to observe that there is an entire failure to allege that the premises had been used for any purpose other than as a saloon and liquor establishment.  The complaint goes no further than to allege facts from which the natural inference is that the premises had ceased to be used for the purpose indicated, and that they had been sublet for other use. There is no covenant in the lease forbidding either the one or the other of these things.  In fact the lease authorizes subletting.  Until there has been actual use of the premises for some proscribed purpose, there can be no breach of the covenant or condition of the lease relied upon, however its terms are to be interpreted. The alleged fact that the sale of intoxicating liquors had been forbidden by law and Constitution, and that, therefore, the conduct of a saloon had thereby become unlawful, is one that possessed no practical significance as far as the disposition of the case was concerned, for the double reason that it did no more than forbid the use of the premises for the purposes anticipated in the lease, and that if, as claimed, it put an end to the lease, that result was produced by operation of law and not by express stipulation of the lease.

Other questions suggested by the record and discussed by counsel do not call for consideration.

The appeal is erased from the docket and no error is found upon the writ of error.

In this opinion the other judges concurred.