CLARENCE H. WEBB *v.* CHARLES M. AMBLER ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 4—decided June 8, 1939.

*Sidney Vogel,* for the appellant (plaintiff).

*John Keogh, Jr.,* with whom was *Nehemiah Candee,* and, on the brief, *Ira O. Gregory,* for the appellees (defendants).

MALTBIE, C. J. This action began as a summary process proceeding before a justice of the peace in the town of Norwalk. It was transferred to the City Court of Norwalk which rendered judgment for the defendants in error, the lessors. The plaintiff in error, the lessee, brought a writ of error to the Court of Common Pleas for Fairfield County and that court found no error. The lessee then appealed to this court. At the threshold of our consideration of the case we are confronted with the claim by the lessors that we are without jurisdiction to entertain this appeal because, under the provisions of the statutes, proceedings in summary process can only be reviewed by writ of error.

In 1882 the former procedure by which questions of law were brought to this court upon motions for a new trial was replaced by an appeal. Public Acts, 1882, Chap. 50. Except as hereinafter noted, the provisions of the statute authorizing appeals has since remained

substantially as originally enacted but with changes in phraseology made from time to time. In the Revision of 1902 it was provided that, "upon the trial of all matters of fact in any cause or action in the superior court, court of common pleas, district court of Waterbury, or any city court" an appeal might be taken to this court. Revision, 1902, § 788. In 1905 the words "except in summary process" were inserted following the words "any cause or action" in the above quotation. Public Acts, 1905, Chap. 112. Since then this provision of the statute has remained unchanged so far as affects the question before us. Revision 1930, § 5689. In only one case, decided in 1906, has the effect of the amendment of 1905 been considered by us. *Marsh* v. *Burhans*, 79 Conn. 306, 309, 64 Atl. 739. That case involved a summary process action tried in the City Court of Hartford and an appeal was taken from the decision of that court to this court. The appeal was erased on the ground that there was no authority for bringing before this court a judgment of the City Court in summary process except by writ of error. This court refused to decide whether the exception as to summary process inserted by the amendment of 1905 "should be treated as extending through the entire section," holding that, even without an express exception the provisions of the appeal statute would not apply to that special statutory proceeding, merely because the jurisdiction of a justice of the peace had in some instances been conferred by special act upon city courts. In the same year, but previous to that decision, this court had entertained an appeal from a decision of a Court of Common Pleas upon a writ of error from a judgment of a justice of the peace in an action of summary process. *Connors* v. *Clark*, 79 Conn. 100, 63 Atl. 951.

Since these decisions there have been at least seven

instances where writs of error have been brought to this court from decisions of City Courts in summary process actions and no appeals from such courts have been entertained; but, on the other hand, not less than ten instances are found in the reports where appeals have been taken to this court from judgments of the Superior Court or Courts of Common Pleas upon writs of error brought to them from justices of the peace or municipal courts in summary process actions, and in no instance has any question been raised as to the propriety of this procedure. These decisions indicate an established practice by the bench and bar that where summary process actions are tried upon the facts in courts whose decisions are reviewable only in this court, they must be presented to it by writ of error, but where such a writ has been taken from municipal courts or justices of the peace to the Superior Court or Courts of Common Pleas and there decided an appeal lies to this court from the judgment. It is true that in *Goldberg* v. *Callender Brothers, Inc.*, 95 Conn. 69, 71, 110 Atl. 457, it is stated broadly that correction of errors committed by a trial court in summary process actions can be obtained only by writs of error, but that was said in an attempted appeal from the decision of a City Court and we based our decision upon the ancient provision now found in § 5974 of the General Statutes, that no appeal shall be allowed from any judgment rendered in such an action. However, in *Marsh* v. *Burhans,* supra, it was pointed out that the appeal referred to in that statute was manifestly that provided by the General Statutes from judgments of a justice of the peace, which would result in a trial of the case de novo in the appellate court.

The reasons for forbidding an original appeal in summary process are found in the summary nature of the proceeding, the purpose being to prevent a retrial

of questions of fact in another court and a speedy determination of issues of law. *Banks* v. *Porter,* 39 Conn. 307, 308; *Marsh* v. *Burhans,* supra, 308. These same considerations lose force with reference to a review by this court of the decision upon a writ of error by the Superior Court or a Court of Common Pleas. In such a review, questions of fact could not in any event be retried and procedure by appeal, instead of making for delay, might well result in a more speedy decision of the case. The provisions of § 5980 of the General Statutes, that the defendant shall have forty-eight hours after judgment has been rendered for filing his bill of exceptions and procuring his writ of error and that execution shall be stayed during that time, in terms apply only to defendants and have been construed as merely designed to afford the defendant a stay of execution for a forty-eight hour period in order to give him time to procure a writ of error and have his bill of exceptions allowed and as not preventing the issuance of a writ even in behalf of a defendant after that period. *Casner* v. *Resnik,* 95 Conn. 281, 283, 111 Atl. 68. A writ of error to this court must be served at least thirty days before the day of the sitting of the court. General Statutes, § 5462. Even if § 5980 of the General Statutes, above referred to, were to be held to apply to avoid a stay of execution unless the writ was issued within forty-eight hours after the decision by the Superior Court or a Court of Common Pleas, yet such a writ would have to be made returnable at least thirty days after the judgment; the terms of this court are held only once a month exclusive of the summer months; and there might well be an interval of some two months or, if the summer intervenes, much longer before the writ of error would go upon the docket of this court; and if made returnable to a later term a much longer period would elapse. On

the other hand, as no finding of facts would ordinarily be required to present to this court the decision of the Superior Court or a Court of Common Pleas upon a writ of error brought to it, the rules require that the appeal shall be taken and assignments of error filed within two weeks of the rendition of the judgment unless the court grant an extension of time. Practice Book, § 335. In the case of an appeal by the defendant in a summary process action, the bond required to be given by § 5980 of the General Statutes would apply during the period when an appeal from a decision upon a writ of error might be pending in this court. There is, then, no substantial reason why an appeal would not lie from the decision of the Superior Court or a Court of Common Pleas upon a writ of error brought to it in a summary process action and, on the other hand, the allowance of such an appeal would not make for delay but the contrary, and would prevent the cumbrous and expensive process of piling one writ of error upon another.

A practice which has been so uniform over the years since the amendment of 1905 and the practical considerations suggested indicate that the exception of summary process actions in the statute was not intended or understood to apply to a situation where a writ of error has been taken to the Superior Court or a Court of Common Pleas, has there been decided, and it is desired to present to this court the questions of law involved. Rather, the amendment was designed to prevent an initial review of the issues presented upon a trial of a summary process action otherwise than by writ of error, exhausting itself when such a writ had been determined in the Superior Court or a Court of Common Pleas and leaving the matter of a review of the questions of law by this court to be presented to it by the usual appeal.

In the summary process complaint it is alleged that on September 1, 1937, the lessors leased to the lessee an apartment in a certain building for "the term of one month" from that day "for the monthly rental of $7 payable in monthly payments of $7 each, on the first days of each month during said term"; that "the lessee agreed to pay the said rent as aforesaid"; that he entered into possession of the apartment and has since continued in possession of it; that on May 1, 1938, he refused to pay the rent due on or about that day and still neglects to pay it; and that on June 30, 1938, the lessors gave due notice to him to quit possession on July 6, 1938; but that up to the time of the bringing of the action on August 8, 1938, he had neglected to do so. The lessee filed an answer containing a general denial of the allegations of the complaint and also three special defenses and a counterclaim. The second defense alleged that though the building in which was the apartment was a tenement house within the meaning of the tenement house act, no certificate of occupancy as required by § 2592 of the General Statutes had been procured. The third defense set up a partial eviction because the lessee had been deprived during the season of 1938 of a garden plot which at the time he had entered the premises the lessors had included in the lease. The counterclaim sought damages for the deprivation of the use of the garden plot. To the second and third defenses and the counterclaim the lessors demurred, and the demurrers were sustained. Two of the errors assigned in the writ of error were the ruling of the justice sustaining these demurrers.

Section 5971 of the General Statutes provides that a summary process action lies "when a lease of any land or building or of any apartment in a building, whether in writing or by parol, shall terminate by lapse

of time, or by reason of any express stipulation therein, or under the provisions of section 5022 [of the General Statutes]," which provides that if, under a parol lease, rent shall have been agreed to be paid in stated periods and such rent shall remain due and unpaid for a period of more than nine days, the lease shall, at the option of the lessor and on notice thereof to the lessee, terminate. The necessary and only basis of a summary process proceeding is that the lease has terminated. *Du Bouchet* v. *Wharton*, 12 Conn. 533, 537; *Lang* v. *Young*, 34 Conn. 526, 528; *Goldberg* v. *Callender Brothers, Inc.*, supra, 72; *Davidson* v. *Poli*, 102 Conn. 692, 695, 129 Atl. 716. A failure to pay rent when due is not itself the basis of the proceeding, but may become a factor in the situation where it is claimed that the lease has been terminated for that failure; and if for any reason unpaid rent is not due that fact may be relevant to the issue of the lessor's right to terminate the lease; but the fact that the rent is not due is in itself no defense to the proceeding. *Hartford Wheel Club* v. *Travelers Ins. Co.*, 78 Conn. 355, 360, 62 Atl. 207; *Casner* v. *Resnik*, supra, 287. So where the claim is that a leasehold has been forfeited for other reasons than the nonpayment of rent, circumstances negativing that claim would be admissible upon the issue whether the lease had actually been terminated; *Schroeder* v. *Tomlinson*, 70 Conn. 348, 39 Atl. 484; and the question whether a lease had expired by lapse of time might require consideration of issues not otherwise open in the proceeding. *Platt* v. *Cutler*, 75 Conn. 183, 185, 52 Atl. 819; *Giering* v. *Hartford Theological Seminary*, 86 Conn. 208, 212, 84 Atl. 930; *Lamenza* v. *Shelton*, 96 Conn. 403, 409, 114 Atl. 96. Such matters, however, have their place in the case only as bearing upon the issue whether or not the lease has terminated. It has always been the policy of our law to limit the

issues in an action of summary process to a few simple ones within the express scope of the statutory provisions. *Rodgers* v. *Palmer,* 33 Conn. 155, 156; *Lang* v. *Young,* supra, 529; *Davidson* v. *Poli,* supra, 695. Hence it is that § 5974 of the General Statutes provides that if, on the trial of a complaint in summary process, it shall be found that the defendant is the lessee of the complainant and holds over after the termination of the lease and that due notice to quit has been given, but the defendant continues to hold possession after the expiration of the time therein specified, and the defendant shall not show a title in himself which accrued after the giving of the lease, judgment shall be rendered for the recovery of the premises.

The complaint alleges a parol lease reserving a monthly rent in which the time of termination was not agreed upon and under the statutes this is to be construed as a lease for one month only. General Statutes, § 5021; *Noll* v. *Moran,* 94 Conn. 452, 457, 109 Atl. 241. The statute further provides that no holding over after the expiration of the term of the lease shall be any evidence of a further lease. No rent under the allegations of the complaint having been paid or accepted for any period after April and no other circumstances showing an agreement to continue the lease appearing, it terminated at the end of that month. The complaint does not set up a forfeiture of the lease for nonpayment of rent but its basis is that the lease had terminated by lapse of time. The defenses demurred to might have been germane to the issues had the complaint alleged the former situation as a basis of recovery, but they were irrelevant to the issues presented upon the complaint. In view of the restricted nature of the issues open in a summary process action the counterclaim for money damages

for partial eviction had no place in the case. In *Barnum* v. *Keeler*, 33 Conn. 209, relied upon by the lessee, the complaint alleged a forfeiture of the lease by reason of the nonpayment of rent, and the opinion of the court went no farther than to say that if, by reason of a breach of covenant by the lessor, the lessee had suffered greater damages than the rent due, perhaps the defendant might show this. Obviously what the court had in mind was that if no rent was due then there was no basis for a forfeiture of the lease for nonpayment and the claim that the lease had expired could not be maintained. The demurrers were properly sustained.

It was not assigned as error in the writ that the notice to quit was not given the required length of time before the day fixed in it for the lessee to vacate the premises, and this case certainly is not one where we are under any obligation to consider claims not definitely assigned. *Lombardi* v. *Laudati*, 124 Conn. 569, 575, 200 Atl. 1019. The lessee does contend that the notice was insufficient because it was signed by the lessors by an attorney. He cites the case of *Molzon* v. *Carroll*, 91 Conn. 642, 100 Atl. 1057, but that case has little weight upon the question before us because the issue as to the sufficiency of the notice arose there under the provisions of the lease permitting its termination upon sixty days written notice and the sufficiency of the notice as a basis of a summary process action was not considered. The statute merely provides that the notice shall be in writing "substantially" in accordance with the form therein recited and this form concludes with the letters "A. B." representing a signature. This is very far from a definite requirement that the notice shall be signed by the lessor in person. The notice to quit under the statute is the basis for the inauguration of an action

at law and there is no reason why it may not be signed by a duly authorized attorney. *Brahn* v. *Jersey City Forge Co.*, 38 N. J. L. 74, 77; *Stevens* v. *Reed*, 37 N. H. 49, 52, 54; 36 C. J. 641.

There is no error.

In this opinion the other judges concurred.