ANGELO ROSA *v.* ALBERT CRISTINA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 9, 1948—decided February 21, 1949

*Harry M. Albert* and *Michael V. Blansfield,* with whom, on the brief, was *John F. Tobin,* for the plaintiff in error.

*William K. Lawlor,* for the defendants in error.

ELLS, J.  The lessors of premises located in Waterbury brought an action of summary process against the lessee.  The City Court of Waterbury entered judgment for the lessors, and this writ of error was taken by the lessee.

The basic claim of the lessee is that the complaint

failed to allege a cause of action of summary process. General Statutes, Cum. Sup. 1939, § 1429e (Rev. 1949, § 8274), provides that it lies only where a lease "shall terminate by lapse of time, or by reason of any expressed stipulation therein," or under the statute as to nonpayment of rent, § 897h of the 1945 Cumulative Supplement (Rev. 1949, § 7107). Section 5978 of the 1930 revision (Rev. 1949, § 8281) provides that the action may be brought when the tenant "shall be convicted" of keeping a house of ill fame upon the premises or of a violation thereon of any law against gaming. Under § 1429e it is essential that the lease should have terminated in one of the ways specified; *Lang* v. *Young,* 34 Conn. 526, 528; *Goldberg* v. *Callender Bros., Inc.,* 95 Conn. 69, 72, 110 A. 457; and the action is limited to cases where "the issue of the expiration of the lease presents itself as a simple issue of fact, not complicated by questions as to the proper legal construction of the lease." *Davidson* v. *Poli,* 102 Conn. 692, 695, 129 A. 716.

The lessors did not allege, nor have they claimed, that their action was based on nonpayment of rent or the expiration of the term of the lease, which the complaint stated was for five years from April 1, 1946. The apparent basis of the case was a written lease, and the question before the lower court seems to have been whether it had terminated by an illegal use of the premises by the lessee. The record before us does not contain a bill of exceptions and therefore we do not know what facts were found by the trial court. A bill of exceptions in a writ of error takes the place of a finding in an appeal and in the absence of one we are limited in our consideration of the case to matters forming a part of the record of the trial court. See *Putterman* v. *Miller,* 133 Conn. 70, 72, 48 A. 2d 235. There is no judgment file in the record. Only the

pleadings and perhaps the lease which is printed in the record are properly before us in the present case.

It was alleged in the complaint that the lessee was selling whiskey on the premises without first obtaining a license from the liquor control commission to sell intoxicating liquor, that he carried on a gambling game on the property and that he has been creating a nuisance thereon by burying broken glass, carrying on a boisterous game in the yard at night, burying rubbish so as to create a fire hazard, failing to remove rubbish according to the terms of the lease, and damaging the sidewalk so as to render it dangerous. These allegations were denied. Judgment was for the lessors and therefore the court must have found that one or more of the allegations had been proved. We do not know which one or ones the court relied on. Even if we could assume that it found for the lessors upon all these issues, the judgment was erroneous. As to gaming, there was no allegation that there was a "conviction" such as would bring § 5978 into operation. There was no allegation that the other claimed derelictions brought about a termination of the lease by its "expressed stipulation." The allegation relating to the failure to remove rubbish "according to the terms of the lease" likewise failed to allege that the failure brought about a termination of the lease by its expressed stipulation.

Even if, by reason of certain references to the lease in the writ of error and the pleadings, we could consider it as properly a part of the record, it provides merely that "the lessor may re-enter for default of ten days in the payment of any instalment of rent, or for the breach of any covenant herein contained." That merely gives the lessor a right to terminate the lease which he may exercise or not, and a breach of a covenant does not ipso facto terminate the lease.

*Bowman* v. *Foot,* 29 Conn. 331, 339; *Camp* v. *Scott,* 47 Conn. 366, 369; *Thompson* v. *Coe,* 96 Conn. 644, 651, 115 A. 219; *Kovner* v. *Dubin,* 104 Conn. 112, 118, 132 A. 473.

A principal contention of the lessors is that "it is implied in law that said premises shall be used for a lawful purpose regardless of whether it is in the lease or not and whether there is an express covenant contained in said lease." For reasons already stated this claim is of no avail in an action of summary process. We are not here concerned with the question of forfeiture.

The pleadings in the case laid no basis for the judgment rendered, and upon the record before us, whether or not we consider the lease, manifest error appears. The writ of error asked "that such erroneous judgment be set aside and a new trial ordered." General Statutes, Rev. 1930, § 5694 (Rev. 1949, § 8006), authorizes a remand of a case for retrial on a writ of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred except DICKENSON, J., who concurred in the result.