FORTUNA, INC. *v.* MARY T. LYONS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 2-614-3760

Argued November 17, 1961—decided May 15, 1962

*Clement Kiczuk,* of Bridgeport, for the appellant (plaintiff).

*George C. Cravates,* of Bridgeport, for the appellee (defendant).

Cohen, J. The plaintiff brought an action of summary process to recover possession of certain premises occupied by the defendant as a dwelling. The court rendered judgment for the defendant, and the plaintiff appealed to this court.

On February 16, 1960, the parties entered into an agreement (plaintiff's exhibit A) in regard to a dwelling house, then under construction, which was owned by the plaintiff. The agreement set a purchase price of $48,000 and required the defendant to make a deposit of $2000 on execution of the agreement, an additional deposit of $2000 on June 1, 1960, another of $9000 on August 1, 1960, and a final payment on the passing of title on or before April 1, 1962. The defendant was permitted to take occupancy of the premises on or before April 1, 1960, on the condition that she agreed to pay specified sums for interest, insurance, water and taxes. Other paragraphs in the agreement provide for conveyance of title, adjustments, risk of loss, manner and place of closing, an assumption of an existing mortgage, brokerage fees and a requirement that the option to purchase be exercised within two years from the date of signing the agreement. The contract was drawn by an accountant of the plaintiff corporation. The defendant went into possession of the premises on April 15, 1960, and made the initial deposit of $2000 and certain other payments, but defaulted in the payment due on June 1, 1960. The action of summary process was commenced on April 18, 1961.

The court concluded that the agreement was a contract to purchase real estate and not a lease and therefore an action of summary process did not lie. The court further concluded that the defendant

had until February 15, 1962, to complete the contract, that the action of summary process did not apply, and that even if it was applicable, it was premature. The plaintiff's assignments of error are mainly directed at these conclusions of the court, the plaintiff claiming that the agreement between the parties was a lease with an option to purchase and therefore an action of summary process could be brought under § 52-532 of the General Statutes.

Our Supreme Court of Errors has stated that "the action [of summary process] is limited to cases where the issue of the expiration of the lease presents itself as a simple issue of fact, not complicated by questions as to the proper legal construction of the lease." *Davidson* v. *Poli,* 102 Conn. 692, 695, cited with approval in *Rosa* v. *Cristina,* 135 Conn. 364, 365; see *Lang* v. *Young,* 34 Conn. 526, 528. "Because of the summary nature of this remedy, the statute . . . has been narrowly construed and strictly followed." *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600.

The parties to a contract may expressly establish either the relation of landlord and tenant or vendor and purchaser and provide when one shall end and the other begin. As a general rule, courts will give effect to an express provision in the contract that on default by the purchaser the relation should be that of landlord and tenant, with its accompanying incidents. 55 Am. Jur. 788, § 362. There is authority for the view that where a vendee has made partial payment and thereby acquired an equity in the land a stipulation that on his default he shall be deemed as holding as a tenant at sufferance is ineffectual and does not on such default create the relation of landlord and tenant between the parties. *Hill* v. *Sidie,* 116 Wis. 602. Thus, it has been held that a purchaser who defaults in making stipulated pay-

ments may not be held liable for rent in an action for use and occupation, the vendor's remedy being by way of ejectment. *Smith* v. *Stewart,* 6 Johns. R. 46 (N.Y.).

The agreement was drafted by the plaintiff and, as stated by the trial court in the memorandum of decision, which has been made a part of the record, appeared to be an attempt to create a dual legal position and to obtain all of the rights of a vendor of real estate and of a landlord. As a result, a number of complicated questions have arisen which require legal construction. The summary process action is intended to afford a summary remedy where the issue of termination is a simple issue of fact, and is not adapted for the construction of the many legal problems raised by this agreement and by the alleged default by the defendant. *Davidson* v. *Poli,* supra; *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* supra.

The fact that the defendant was in possession of the premises under an agreement without fully complying with its terms did not of itself create a lease between the parties. *Welk* v. *Bidwell,* 136 Conn. 603, 607. Summary process is available only where there is a lease and it has been terminated. *Feneck* v. *Nowakowski,* 146 Conn. 434, 436. In the present case, the defendant agreed to make certain payments of interest, insurance, water and taxes, but what effect a breach of this agreement should have upon the agreement or her right to possession of the premises is not stated. "It is only by inference that we come to the conclusion that the parties intended that the lease should terminate upon the non-fulfilment of the condition . . . . The lease must expire 'by reason of some express stipulation thereof,' is the language of the statute, not by inference, not by operation of law, but by the express stipulation of the parties that the lease shall expire

or become void on the non-fulfilment of the condition." *Lang* v. *Young*, 34 Conn. 526, 528, 529. The trial court concluded that the "defendant had until February 15, 1962 to complete the contract," and therefore the action of summary process was premature.

The plaintiff claims that under § 52-532 of the General Statutes a summary process action may be brought even where there is no lease and no landlord-tenant relationship. However, in its complaint the plaintiff refers to the exhibit A as a rental arrangement and alleges: "7. Though said rental arrangement was breached by the defendant and has expired [by reason of nonpayment of the deposits and lapse of time] . . . ." Moreover the court has interpreted this agreement as a contract to purchase real estate. The plaintiff did not move to correct the following paragraphs in the finding. "31. The house in question was built for speculation. 32. The plaintiff did not lease homes. 33. The plaintiff sold homes . . . . 41. The defendant selected the paint colors. 42. The defendant selected the kitchen flooring." These findings tend to support the court's conclusion that the contract was for the purchase of real estate.

The agreement of the parties does not expressly provide that the failure of the defendant to make the deposits or other payments would terminate her right to occupy the premises. The agreement gives the defendant two years from "the date of signing this agreement" to exercise her option, and if it is not exercised, "adjustment for deposits made is to be made on the basis of $400.00 per month . . . to the date of leaving the premises." It would therefore seem that the questions created under this agreement are too complicated to be disposed of in an action of summary process. The question whether the defendant's right to possession of the

premises had terminated is not a simple issue of fact which can be resolved in a summary process action, in any event, not at this time. The determination of this issue requires the construction of many legal issues which would have to be decided in less summary proceedings, even if the plaintiff's exhibit A is regarded as a lease with an option to purchase rather than as a contract to purchase real estate. *Davidson* v. *Poli*, 102 Conn. 692, 695. The trial court properly concluded that the agreement was a contract for the sale of real estate and did not create a landlord-tenant relationship and that even if such a relationship was established and if summary process was available as a remedy, the plaintiff's action was premature.

The plaintiff asks to have certain facts added to the finding. "The additions sought would not directly affect the ultimate facts upon which the judgment depends. As no useful purpose would, therefore, be served by making these corrections, they are not made." *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 270.

The plaintiff has assigned error in a ruling allowing the defendant to testify as to a conversation with the plaintiff's general manager relative to the mortgage. So far as the record discloses, her answer to the inquiry could not have been harmful to the plaintiff's case. If the admission of the testimony was erroneous, it was not prejudicial. *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 21; *Simmons* v. *Addis,* 141 Conn. 738, 741; *Delano* v. *Armstrong Rubber Co.,* 136 Conn. 663, 670.

There is no error.

In this opinion AARONSON and DANNEHY, Js., concurred.