## Roger LeClair *v.* Mrs. David Woodward

Circuit Court               Eleventh Circuit
File No. CV 11-709-5267

Memorandum filed October 20, 1970

*Kucharski & Tarpinian,* of Willimantic, for the plaintiff.

*Norman K. Janes,* of Willimantic, for the defendant.

Bieluch, J. The plaintiff is the landlord and the defendant the tenant of premises in South Windham, Connecticut, which were let on a month-to-month tenancy commencing on the first day of the month and expiring on the last day of the month. On August 26, 1970, the plaintiff caused a notice to be served on the defendant to quit possession of the premises on or before September 2, 1970, for "nonpayment of rent." As the defendant did not give up possession of the premises within the time specified in the notice, the plaintiff instituted this summary process action by writ dated September 2, 1970, alleging nonpayment of rent for August and September. The defendant's answer alleges as a special defense that the premises were not fit for human habitation, contrary to the plaintiff's covenant of fitness for habitation under § 47-24b of the General Statutes, and therefore the plaintiff "may not enforce rights under a contract he himself has

breached." The plaintiff has demurred to this special defense, claiming that it does not constitute a valid defense to the summary process action.

Section 47-24b provides: "Each parol lease of real property intended for human habitation shall be deemed to contain a covenant on the part of the lessor that such property is fit for such habitation." The issue framed here is whether the breach of such a warranty is a good defense to a summary process or eviction action predicated upon nonpayment of rent.

It has always been the policy of our law to limit the issues in an action of summary process to a few simple ones within the express scope of the statutory provisions of chapter 922 of the General Statutes. The necessary and only basis of a summary process proceeding is that the lease has terminated. A failure to pay rent when due is not itself the basis of the proceeding but may become a factor in the situation where it is claimed that the lease has been terminated for that failure; and if for any reason unpaid rent is not due, that fact may be relevant to the issue of the lessor's right to terminate the lease; but the fact that the rent is not due is in itself no defense to the proceeding. *Webb* v. *Ambler,* 125 Conn. 543, 550. In the *Webb* case the lower court sustained demurrers to the tenants' special defenses to the summary process action alleging that the plaintiff had failed to obtain a tenement house certificate of occupancy required by law and that the plaintiff had partially evicted the tenants. In affirming this ruling, the court held, at page 551, that the defenses demurred to might have been germane to the issues had the complaint alleged a forfeiture of the lease for nonpayment of rent, but that they were irrelevant to the issues presented by the complaint, which alleged that the lease had terminated by lapse of time.

Parol leases reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only. General Statutes § 47-22. The defendant held the premises on a month-to-month tenancy beginning on the first day of the month and ending on the last day of the month. "The crux of the matter lies in the fact that a lease is a contract. In the case of a rental on a month-to-month basis the tenancy is not regarded as a continuous one. The tenancy for each month is one separate from that of every other month. *Corrigan* v. *Antupit,* 131 Conn. 71, 76 . . . ; *Chipman* v. *National Savings Bank,* 128 Conn. 493, 497 . . . ; *Williams* v. *Apothecaries Hall Co.,* 80 Conn. 503 . . . . For each month, therefore, there must be a new contract of leasing." *Welk* v. *Bidwell,* 136 Conn. 603, 606. "It is unquestionably the general rule, upheld by the great weight of authority, that no court will lend its assistance in any way toward carrying out the terms of a contract, the inherent purpose of which is to violate the law. In case any action is brought in which it is necessary to prove the illegal contract in order to maintain the action, courts will not enforce it, nor will they enforce any alleged right directly springing from such contract . . . ." *Vaszauskas* v. *Vaszauskas,* 115 Conn. 418, 423. For this reason, the alleged violation of a local housing code may constitute a legally sufficient defense to an action in summary process based, like the present one, on the claim of nonpayment of rent. See *Brown* v. *Southall Realty Co.,* 237 A.2d 834 (D.C. App.). In the *Brown* case the landlord knew at the time the lease was signed that housing code violations existed. Viewing the lease as a contract, the District of Columbia Court of Appeals held that the premises were let in violation of the housing regulations and that the lease, therefore, was void as an illegal contract, stating, at page 837, that no

reason exists to treat "a lease agreement differently from any other contract in this regard."

More recently, in *Javins* v. *First National Realty Corporation*, 138 App. D.C. 369, 428 F.2d 1071, the United States Court of Appeals for the District of Columbia Circuit extended the holding of the *Brown* case to housing code violations which arise during the term of the lease. In the *Javins* case the court held that a warranty of habitability, measured by the standards of the District of Columbia housing regulations, is implied by operation of law in leases of dwelling units covered by the regulations and that a breach of this warranty gives rise to the usual remedies for breach of contract, including a legal defense to an eviction action for nonpayment of rent.

By the adoption of § 47-24b in 1969, our legislature has expressly included such a warranty or covenant of habitability as was implied in the *Javins* case in every parol lease of real property intended for human habitation. Under the law of contracts, the tenant's obligation to pay rent is dependent on the landlord's performance of his obligations, including his warranty to maintain the premises in habitable condition. In order to determine whether any rent is owed to the landlord, the tenant must be given an opportunity to prove the alleged breach of the landlord's statutory warranty of habitability. *Javins* v. *First National Realty Corporation*, supra.

The plaintiff's demurrer is overruled.