[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 21, 1996
The complaint in this summary process action is in two counts: the first alleges a breach of the lease agreement, and the second alleges that the defendant violated § 47a-11 by failing fully to comply with applicable code provisions. The defendant filed a motion to dismiss: although the motion itself appears to attack both counts, the defendant at oral argument specifically confined the motion to dismiss to the first count.
The gravamen of the defendant's motion is that the allegation of the breach of the lease has not been made with sufficient specificity to pass muster. Primary reference is made to the notice to quit, which as to the first count alleges, in its entirety, "Breach of Lease agreement.' Relying on cases such as Jefferson Garden Associates v. Greene,202 Conn. 128 (1987), the defendant argues that the brief conclusory phrase cannot possibly supply adequate notice. CT Page 8784
If the language "breach of lease agreement" constituted all of the notice which the defendant received, the notice undoubtedly would be too general and vague to provide adequate notice to the tenant. The plaintiff argues, however, that the pretermination letter sent to and received by the defendant specifically delineates the conduct which violated the lease agreement: the Kapa[1] letter alleges that the defendant allowed a condition of clutter which constituted a fire hazard and prevented "efficient egress," and refers to pages of the lease which proscribe such activity. Although the court encourages specific quotation of the lease language claimed to be violated, it is found that the language of the Kapa letter itself provides sufficiently specific language to survive a preliminary motion attacking the adequacy of the pretermination letter.[2]
The issue presented, then, is whether any insufficiency of specific notice in the notice to quit is cured, prospectively, by an adequate Kapa notice. Because of the peculiar and preeminent role played by the notice to quit in the scheme of summary process, the court is constrained to hold that the notice to quit is not so cured, and the motion to dismiss the first count must therefore be granted.
A proper notice to quit provides subject matter jurisdiction for a summary process action. Webb v.Ambler, 125 Conn. 543 (1939). "It is fundamental to our summary process proceedings that the issuance of a proper notice to quit is a condition precedent to the commencement of a successful summary process complaint." Rosato v. Keller, H-45, SPH-7904-11765 (Housing Session 1979). The summary process procedures, being creatures of statute, are to be strictly construed. Jo-Mark Sand Gravel Co.v. Pantanella, 139 Conn. 598 (1953). Conclusory allegations of lease violations in notices to quit have been viewed with a high degree of scrutiny. See. e.g.,Housing Authority v. Rogers, SNBR-371, No. SPBR-9109-20758, 6 CONN. L. RPTR. 174 (Housing Session 1991).
In the circumstances of this case, the totality of the documentation suggests that there is little real chance that a reasonable person would be left to guess at the corrections by the Kapa notice or at what lease provision was claimed to be violated in the notice to quit. It has been the consistent policy of the courts to resolve close cases involving the specificity of notices to quit in favor of precision, however: the policy which favors the establishment of bright lines, so that issues of interpretation are unlikely to emerge, ultimately benefits both sides in the speedy proceedings of summary process.
The motion to dismiss is granted as to the first count of the complaint.
BEACH, J.