[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a commercial summary process action. The defendant has moved to disqualify the Law Offices of Lee N. Johnson from representing the plaintiff because an attorney in the firm previously had been an associate in a law firm during its representation of the defendant. Plaintiff's counsel objects to the motion to disqualify on the ground that representation of the plaintiff would not constitute a conflict of interest or lead to disclosure of confidential information.
The competing interests at stake in deciding a motion to disqualify are (1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely selecting counsel of his or her choice; and (3) the public's interest in scrupulous administration of justice. Bergeron v.Mackler, 225 Conn. 391, 398 (1993). In Bergeron, counsel was disqualified on the basis of "an appearance of impropriety." The Supreme Court reversed and held that under the rules of professional conduct,[1] the trial court must consider whether there is a substantial relationship between the law firm's past representation of the defendant and its present representation of the plaintiff. CT Page 5412
"The test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same." (Citations omitted, quotation marks omitted). Gregg v. Case, Superior Court, Judicial District of New Britain at New Britain (Docket No. CV 97-0478441S (Jan. 26, 1999, Robinson, J.).
The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary. Id.
At an evidentiary hearing on the motion to disqualify, Kathleen Tarro, (hereinafter sometimes "Tarro") and the associate (hereinafter sometimes "Associate") testified. I find as follows: Associate is now with the law firm presently representing the plaintiff in this summary process action. He does no work on this matter. Tarro is a member of the named defendant, a limited liability company. She had previously been represented by a law firm in connection with two actions in which she was the named defendant and in which there were money judgments against her. At the time, Associate was an associate of the firm representing Tarro. During the prior representation, Tarro and Associate had conversations on the subject of payment of the judgments against her. Associate, who was not the primary attorney on the two files, does not recall much about the substance of the conversations. He does recall discussing with Tarro her payment of the money judgments and the fraudulent conveyance statute.
Defendant claims there is a substantial relationship between issues in the prior and the present representation because the two prior cases sought recovery of money and the present case is ultimately about the collection of money. The plaintiff contends that the issue in this case is about possession, not about money. Notwithstanding the recently popularized aphorism, "When you hear somebody say, `This is not about money,' it's about money",[2]
a summary process action is not about money. A summary process action is designed solely to decide "the simple question of who is entitled to possession." Yarbrough v. Demirjian,17 Conn. App. 1, 3, cert. denied, 209 Conn. 828 (1988); Urban v. Prims,35 Conn. Sup. 233, 236 (1979). A claim for damages is not properly raised in a summary process action. Politzer v. Jeffrey, Inc.,133 Conn. 605, 607 (1947); Webb v. Ambler, 125 Conn. 543, 551-52,7 A.2d 228 (1939); Carnese v. Middleton, 27 Conn. App. 530, 535
(1992). "A separate lawsuit for money damages can be filed by CT Page 5413 either party to a summary process suit." Henesy v. Fleiss, Superior Court, Judicial District of Stamford/Norwalk Housing Session at Norwalk, No. HCNO 9512-027 (1996).
The defendant counters that plaintiff's counsel is waiting to see the result of this motion to disqualify before it begins a collection suit against the defendant. In the event such a lawsuit is brought by plaintiff's present counsel, the defendant is not foreclosed from moving to disqualify at that time and under those circumstances.
This summary process matter is not the same as or substantially related to any matter handled during the prior representation. Associate acquired no information material to this summary process action. The lease between the parties was executed after Associate had left the prior law firm. The court also notes that Tarro is not a defendant in this action and there is no evidence that the defendant, Interiors of Yesterday, LLC, was ever represented by Tarro's prior firm while Associate was with that firm. Nor was there evidence that any financial information that might have been gleaned by Associate during discussions with Tarro pertained to her limited liability company.
Under the circumstances, the defendant's right to confidentiality and the public's interest in scrupulous administration of justice will not be impaired by allowing plaintiff its choice of counsel.[3]
The motion to disqualify is denied.
Tanzer, J.