A. David Benjamin, J.
In this action for negligence against a judicially declared incompetent, the committee for the incompetent moves for an order permitting him to appear in this action and to serve an amended answer, pleading a cross complaint against the defendant the Sea Gate Association, a copy of which answer is attached to the moving papers.
An examination of the papers before the court reveals that the defendant Anna Descipola was judicially declared an incompetent by order dated January 31,1952 and her husband Angelo Descipola appointed committee of her person and property. It further appears that during the latter part of 1956 the instant action was commenced by the plaintiff against the incompetent and the Sea Gate Association, relating to an alleged accident which occurred on August 7, 1953. Issue was joined by both *906 defendants during the early part of January, 1957. It is thus apparent that the alleged cause of action arose and the commencement of the action occurred after the appointment of the committee. Whether the summons was served pursuant to section 225 of the Civil Practice Act is not ascertainable from the papers. However, it does appear that an attorney, other than the moving attorneys, appeared and answered on behalf of the incompetent without any indication either from the complaint or other papers of knowledge on the part of the plaintiff’s attorney or the incompetent’s attorney that the defendant had been judicially declared an incompetent. As part of the moving papers a stipulation of substitution of attorneys is submitted, executed by the committee, the incompetent’s former attorney and the proposed attorneys for the committee. The application is opposed technically on the theory that the committee is an interloper and stranger to the action as he is not a party to the action either personally or in a representative capacity, as well as on the merits. It is well established that an incompetent person may be sued, whether judicially declared insane or not. (Sanford v. Sanford, 62 N. Y. 553; Runberg v. Johnson, 11 N. Y. Civ. Pro. Rep. 283.) Where, however, an incompetent person has been judicially declared insane, the custody of his estate is no longer in him, but in the court under the administration of the committee of his property. He cannot prosecute or defend a civil action in person or by an attorney after such committee has been appointed. (Matter of Deimer, 274 App. Div. 557; Matter of Thoms, 286 App. Div. 1146.) Such committee is a proper and necessary defendant in an action or proceeding in relation to the said incompetent even though such incompetent may have been served (Civ. Prac. Act, § 225; Executors of Brasher v. Van Cortlandt, 2 Johns. Ch. 242). Accordingly, as the incompetent is the ward of the court and cannot defend such a suit and the committee is a necessary party defendant in the action, the motion seeking the intervention of the committee as a party defendant and substitution of attorneys is granted.
However, before any action or proceeding may be instituted against a committee, leave of the court to sue such committee must be obtained, (Smith v. Keteltas, 27 App. Div. 279; Grant v. Humbert, 114 App. Div. 462.) A failure to obtain such leave can, however, be cured nunc pro tunc (Dunham v. Fitch, 48 App. Div. 321). The plaintiff should, under the circumstances, on proper application apply to the court for such relief.
As to the merits, a motion for leave to amend a pleading is granted with liberality to the end that the movant may have the opportunity to raise and have determined all questions affecting *907 his interest involved in the subject matter of the litigation. (Milliken v. McGarrah, 164 App. Div. 110; Newman v. Goldberg, 250 App. Div. 431.) On this motion the court is not called upon to examine the ultimate sufficiency of the proposed amended pleading. That question is determinable only upon a direct challenge made by an appropriate motion. (Newman v. Goldberg, supra; Berkkowitz v. Steinberg, N. Y. L. J., Oct. 20, 1950, p. 889, col. 3.) The defendant has submitted adequate proof for the purposes of pleading of the possibility of a proper cross complaint predicated upon the alleged agreement between the incompetent defendant and the codefendant.
Accordingly the motion is granted. Settle order on notice.