Harold Tessler, J.
The plaintiff, a judicially declared incompetent, has brought this action by his successor committee, pursuant to permission granted by this court, to secure the cancellation and discharge of record of an alleged outlawed mortgage (Real Property Law, § 500, subd. 4) on a one-family dwelling in Lynbrook, Nassau County, New York, which the incompetent and his wife, now deceased, purchased in September, 1921 as tenants by the entirety.
The essential facts culled from the agreed statement upon which this action was submitted are these: The incompetent and his wife executed and delivered on September 6, 1921 to the defendant C. Eugenie Young Bennett, then C. Eugenie Young, a bond and mortgage in the sum of $2,800 affecting said property, bearing interest at 6% per annum, payable at the rate of $10 per month. Plaintiff was committed to Central Islip State Hospital in 1929 where he still remains. Upon the death of his wife on September 17, 1942, he became the sole owner of the property. His daughter, Beatrice E. Doyle, was duly appointed his committee on September 14, 1945.
In and about April, 1945, one John W. Stenson purchased tax liens for unpaid school taxes for 1941-1942 and town taxes for 1942 affecting the property. He served notice thereof upon the incompetent, Beatrice E. Doyle and her husband as occupants of the premises, and upon the mortgagee, fixing the final date for redemption as August 4, 1945. The certificates of tax sale were assigned to the defendant Estco, Inc., in July, 1945. In due course that defendant received from the County Treasurer of Nassau County a deed, dated April 11, 1958, which was duly recorded in the office of the Clerk of Nassau County on April 17, 1958. The mortgage in question was assigned to Estco, Inc., on September 15, 1945, and the assignment recorded in the office of the Clerk of Nassau County on January 9, 1947.
*174 When, on March 29, 1951, the attorney for the defendant Estco, Inc., ‘1 became aware that more than six years had elapsed since the last payment of interest upon the mortgage ”, an action to foreclose the same was instituted by the service of a summons and complaint upon Beatrice E. Doyle. Notice of the pendency of the action, with a copy of the summons and complaint, was filed in the office of the County Clerk of Nassau County on April 27, 1951.
The original committee was removed as such on November 14, 1951, upon petition of her surety for failure to file a new undertaking. The successor committee, originally the special guardian for the incompetent, was appointed on June 26, 1953.
In April, 1958, the motion of the successor committee to cancel the lis pendens which had been filed in the foreclosure action was denied without prejudice to an application in that action itself. Such an application, made in May, 1958, and to dismiss the action for failure to prosecute, was denied, however, on the ground that neither the former committee nor the successor committee and special guardian had filed an answer to the complaint in that action nor moved to be relieved of their default.
The parties agree that apart from the action to foreclose the mortgage above referred to, no formal demand for payment thereof or of taxes or insurance was made upon the committee and that the last payment on account of principal and interest was made on April 20, 1945. Under these circumstances, the plaintiff contends, any action to foreclose the mortgage would be barred by the six-year limitation provision of section 47-a of the Civil Practice Act which took effect on September 1, 1938 (L. 1938, ch. 499; Shohfi v. Shohfi, 303 N. Y. 370; Butler v. Price, 271 App. Div. 359). Consequently, he urges, judgment should be granted canceling and discharging of record the mortgage in question and adjudging the estate or interest of the plaintiff in the real property to be free therefrom.
The defendant Estco, Inc., contends, however, that the conceded service upon Beatrice E. Doyle, the then committee of the incompetent and occupant of the premises, of a copy of the summons and complaint in the foreclosure action on March 29, 1951, which was admittedly less than six years after the last payment of principal and interest on April 20, 1945, tolled the Statute of Limitations and consequently the mortgage may not be discharged.
An incompetent person is a ward of the court. Upon being judicially declared incompetent, the court assumes the custody *175 and control of his estate which it manages through the committee as its bailiff or agent. The incapacity of the incompetent, however, to deal with his property does not relieve him from liabilities incurred prior to his incompetency, but he cannot be sued thereafter without permission of the court. (Carter v. Beckwith, 128 N. Y. 312, 316.) While the requirement for such permission is not jurisdictional and it may be obtained nunc pro tunc (see Van Vooren v. Cook, 191 Misc. 794, affd. 274 App. Div. 966), no order permitting Estco, Inc., to bring an action against the incompetent to foreclose the mortgage has ever been obtained by it, the plaintiff in the foreclosure action. Consequently, the prosecution of that action, assuming it was validly commenced, may be enjoined, the summons set aside, or the plaintiff therein punished for contempt. (Grant v. Humbert, 114 App. Div. 462.)
More important, however, is the fact that jurisdiction over the incompetent in the foreclosure action has never been duly obtained. Under subdivision 2 of section 225 of the Civil Practice Act, a summons may be served upon a defendant, who has been judicially declared to be incompetent and for whom a committee has been appointed, by delivering a copy thereof within the State to the committee and also to the defendant in person, but the court, in its discretion, may make an order dispensing with delivery to the defendant in person. Concededly, a copy of the summons and complaint in the foreclosure action was served only upon Beatrice E. Doyle, the original committee and one of the occupants of the premises in question. No order has ever been obtained dispensing with the delivery of the summons upon her incompetent, as required by the foregoing statute. Therefore, it cannot be said that the court has ever obtained jurisdiction of the incompetent in the foreclosure action. (See Stock v. Mann, 255 N. Y. 100.) That being so, it cannot be held that the commencement of the foreclosure action by the service of a copy of the summons and complaint on the committee alone constituted a valid commencement of that action so as to toll the Statute of Limitations.
The court finds no merit in the contention of the defendant Estco, Inc., that the committee is estopped from invoking the Statute of Limitations because of his failure to preserve the incompetent’s equity by paying the principal and interest on the mortgage from income and thus gambling “ on a chance that a 6-year period might come along so that he would wipe out a just lien upon the real estate ”. In this court’s opinion, a *176 Statute of Limitations cannot be waived or its operation tolled or the obligor estopped from invoking it under the principle of equitable estoppel merely by the failure to make payment of the obligation. Any other conclusion would nullify statutes of repose enacted by the Legislature because of the inexpediency and injustice of permitting stale and neglected claims or debts, even if not paid, to be set up and enforced after long silence and acquiescence.
Judgment is accordingly granted in favor of the plaintiff, without costs, to the extent of directing the cancellation and discharge of record of the mortgage in question and adjudging the estate or interest of the incompetent in the real property described in the complaint to be free therefrom. In making this determination, the court has not passed upon the rights, if any, which the defendant Estco, Inc., may have as a result of the tax deed. Not only has the plaintiff failed to plead and prove that the incompetent’s interest in the property is superior to the rights of said defendant under its tax deed by reason of some infirmity or failure to comply with the provisions of the Nassau County Administrative Code, but in the stipulated facts it is stated that ‘1 Estco, Inc. has never claimed to hold title to the real property involved by either tax deed or claim of right.” Settle judgment accordingly.