## (June 22, 1965)

■ In the Matter of HARRY BERMAN. ALICE BERMAN, Appellant; THEODORE B. RICHTER et al., Respondents.— Order, entered January 29, 1965, unanimously modified, on the law, on the facts, and in the exercise of discretion, to reduce the allowance to the Referee to $3,000 and to reduce the allowance to the guardian ad litem to $2,000, and order otherwise affirmed, with $30 costs and disbursements to the respondent-appellant Romanow, payable out of the estate, and otherwise, without costs and disbursements. In light of the circumstances of the estate, and bearing in mind the nature of the proceeding and the nature and extent of the services rendered, the allowances of $6,000 to the Referee and of $6,000 to the guardian ad litem were grossly excessive. (Cf. *Matter of Berman*, 21 A D 2d 136; *Matter of Rice*, 22 A D 2d 339.) The dissent of Mr. Justice STEUER questions the propriety and necessity of the appointment of the guardian ad litem for the incompetent in this matter. The proceeding was instituted by an application by an attorney in the name of the incompetent to

obtain an adjudication that the applicant was competent, to discharge the committee of his person and property and to restore his property to him. But, having been judicially declared incompetent, the incompetent had no power to retain an attorney and could not maintain and prosecute the proceeding without leave of the court. (See CPLR 321, 1201.) "It is well settled that one cannot voluntarily assume the relation of attorney for an incompetent". (*Matter of Deimer*, 274 App. Div. 557, 559; see, also, *Shatsky* v. *Sea Gate Assn.*, 11 Misc 2d 905.) The incompetent, if he appeared in the proceeding, was required to appear by his committee and/or by a guardian ad litem. (CPLR 1201.) Upon entertaining the application, the court was vested with wide discretion in the matter of the proceedings to be taken thereon in the best interests of the incompetent, including the prudent and cautious exercise of the power to appoint a guardian ad litem to appear for him in the proceeding, to direct an investigation and obtain a report to the court as to the mental condition of the incompetent, and to direct a hearing. (See CPLR 1201; 17 Carmody-Wait, New York Practice, Termination of Committeeship, § 129, p. 557.) The power to appoint a guardian ad litem to appear for and represent the incompetent in the proceeding, absent prohibitory legislation, is among the court's inherent powers in the matter of supervision over the person and property of the incompetent. (See *Moore* v. *Flagg*, 137 App. Div. 338, 347; *Matter of McGuinness*, 290 N. Y. 117, 118; see, also, Mental Hygiene Law, § 100, subd. [1].) It is true that in a proper case, the committee of the incompetent could be relied upon to protect "both the incompetent and his estate from the consequences of a spurious claim of competency". (See dissenting opinion.) But, where the proceeding is instituted at the instance of the incompetent and the court has found that there is reasonable basis for entertaining it, a guardian ad litem may properly be designated to appear for the incompetent. Such designation may be proper and advisable to afford the incompetent adequate representation independent of the influence of the committee. Notwithstanding that the committee here was of exceptional character and ability, we have concluded that under the special circumstances here, it was not an abuse of discretion for the court to appoint the guardian ad litem. But, as pointed out by the dissenting opinion, the dual representation of the incompetent in certain aspects of the proceeding does serve to decrease the amount of the allowances to be made to the attorney, the guardian ad litem and the Referee. Concur — Botein, P. J., Breitel, McNally and Eager, JJ.; Steuer, J., dissents in the following memorandum: I agree with the dispositions made by the majority except as to the award to the guardian ad litem. And in that connection I have no difference as to the amount that might be awarded for the work actually performed by the guardian. Opposition is based on the belief that no guardian ad litem should have been appointed as no service to the incompetent was or could be accomplished by the appointment. The proceeding was by the incompetent to have himself declared competent. He had complete representation by an attorney of his own selection. If he was in fact competent he had no need for any additional representation. If he was incompetent he could not be injured by an adjudication to that effect. Protection of his estate from being mulcted by the proceeding was provided by his committee. The latter would also be charged with the duty of protecting both the incompetent and his estate from the consequences of a spurious claim of competency. Multiplying the offices of protection may not only be an unwarranted charge against the estate, it also may serve to decrease the allowances to those whose services are necessary.