### ARTHUR URBAN ET AL. *v.* ANNA PRIMS

SUPERIOR COURT      HOUSING SESSION

JUDICIAL DISTRICT OF HARTFORD-  FILE NO. SP-N-7903-234-NB
NEW BRITAIN AT NEW BRITAIN

Memorandum filed May 10, 1979

*John D. Bagdasarian,* for the named plaintiff.

*David A. Pels,* for the defendant.

SPADA, J. The plaintiff landlord brings this action in summary process seeking possession for the termination of a lease. The defendant tenant filed the present motion charging that "the plaintiff did not serve the defendant with a notice to quit as required by Connecticut General Statutes, Section 47a-23."

No further explanation is provided. The tenant, at argument, contended in effect that the summary process proceedings were vitiated because the plaintiff's predecessor in title was the owner at the time of the service of the notice to quit. The named plaintiff, in the interval between the notice to quit and the issuance of the complaint, purchased the subject property.

The defendant does not propose that the plaintiff's predecessor in title should have issued the complaint; rather, she suggests an innovative and quaint theory which finds no basis in law, namely, that the designated plaintiff is required to commence the summary process proceedings anew. This court does not agree. The defendant's brief is bereft of any citations in support of that contention. Although the court agrees with the general principles she recites, those principles are not in accord with the facts at hand.

The flaw in the defendant's case is disclosed in the contention in her brief that "in order for a lease to be terminated, the plaintiff-lessor must prove the existence of a landlord-tenant relationship." This is no longer the law in Connecticut and is at variance with § 47a-23 of the General Statutes, the summary process statute.

No leasehold interest is required for dispossession under § 47a-23. If the defendant's statement of law were correct, then trespassers and squatters would enjoy far more rights than legitimate tenants. Section 47a-23 provides for dispossession against any person "who has no right or privilege to occupy such premises, or where one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . ."

Section 47a-23 requires neither the existence of a landlord-tenant relationship nor the consistency of

ownership for successful eviction. Parenthetically, § 47a-23 allows for the issuance of a notice to quit and the summary process complaint by the owner's representative, by his attorney in fact or by a commissioner of the Superior Court. Coincidentally, the "split owners" in the case at bar were represented by the same attorney who issued both the notice to quit and the summary process complaint.

The defendant seeks further to encumber a summary process proceeding by reading into the statute the requirement that, in order to dispossess a tenant properly, the owner of the premises at the time of the issuance of the notice to quit must remain the owner at the time of the issuance of the complaint. It is to be supposed that the defendant would argue, reductio ad absurdum, that the original owner ought to remain the owner during the pleadings, the trial and throughout the appeal stage, if any. The consequences would be both bizarre and humorous. In effect, the election by a landlord of a statutory right, according to the defendant, should act as a bar to the alienation of his property.

The defendant tenant is represented by competent counsel. The filing of this motion was, however, an attempt to joust at windmills. The court will review for counsel the basic principles of summary process law.

It is settled law in this state that a summary process action is to be limited to a few simple issues. *Rosa* v. *Cristina,* 135 Conn. 364, 365; *Webb* v. *Ambler,* 125 Conn. 543, 550; *Davidson* v. *Poli,* 102 Conn. 692, 695; *Dreifuss* v. *World Art Group, Inc.,* 6 Conn. Cir. Ct. 309, 312; *Mac-Aire Aviation Corporation* v. *Corporate Air, Inc.,* 6 Conn. Cir. Ct. 238, 251; *Fortuna, Inc.* v. *Lyons,* 1 Conn. Cir. Ct. 257, 260, 25 Conn. Sup. 389. The purpose of summary process, which is to provide an expeditious remedy to a land-

lord in order to remove a holdover tenant, is also well established. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292; *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600–601; *Housing Authority* v. *Alprovis,* 19 Conn. Sup. 37, 39; *Todd* v. *LaMar,* 6 Conn. Cir. Ct. 528, 529; *Pollard* v. *Pollard,* 1 Conn. Cir. Ct. 143, 146–47, 23 Conn. Sup. 116. In a summary process action, speed is of the essence. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149 Conn. 149, 154; *Atlantic Refining Co.* v. *O'Keefe,* 131 Conn. 528, 530. Summary process is, therefore, meant to be simple, uncluttered and, above all, summary.

Summary process is also aimed at deciding the simple question of "who is entitled to possession?" See *Rosa* v. *Cristina,* supra, and the following cases mentioned above. That is the sole issue for summary process.

The court acknowledges that statutory modifications of Connecticut common law have resulted in the creation of new rights and remedies. Tenants may plead by special defense a breach of the implied warranty of habitability. General Statutes § 47a-7. They may also plead the special defense of retaliatory action. General Statutes §§ 47a-20 and 47a-33.

Unless the tenant can prove payment of rent, the existence of a lease, the special defenses referred to hereinabove or superior title in and to the subject premises, then he must yield possession, willingly or unwillingly.

The defendant's claim that she cannot be dispossessed because she objects to the change of ownership is rejected. The contention has no recognition in Connecticut law.

Accordingly, for the reasons cited hereinabove, the defendant's motion to dismiss is denied.