OPINION OF THE COURT
Lothar E. Nachman, J.
This is a motion to dismiss a petition by the petitioner landlord to remove the respondent tenant from the premises, apartment No. 5, 82 Wallace Street, Tuckahoe, New York.
FACTS
The respondent is over 80 years of age and has resided for many years on the premises, from which petitioner wants to evict him. Respondent’s wife resided with him but has been placed in a home under the supervision of the Department of Social Services of the County of Westchester.
On at least one prior occasion, petitioner sought to evict the respondent in this court. At such time, respondent was ob *1051 served to have no apparent understanding of the proceedings. Ultimately, following the order of this court in that prior proceeding, the Westchester County Department of Social Services intervened, and it now provides extensive home care and other services to the respondent, and has caused a conservator to be appointed for him.
A new action has now been commenced, naming both the respondent and the conservator as parties to the action. Petitioner claims that the condition of the respondent is such that he is a danger to himself and has caused a disagreeable nuisance to other tenants in the building, that he is unable to care for himself and that he has created a health hazard, endangering the health and welfare of the other tenants. Petitioner avers that respondent has been requested to seek residence in a facility that is able to care for him, but that the respondent has refused such offers.
The conservator denies petitioner’s allegations, and, inter alia, alleges that the instant action is intended to remove the respondent for the purpose of obtaining an increase in rent. The issues of fact presented have not been tried.
The conservator’s instant motion seeks dismissal of the action on the ground that this court has no jurisdiction of the proceeding, in that petitioner has failed to obtain permission from the Supreme Court to sue an incompetent after a conservator has been appointed.
OPINION
The instant proceeding demonstrates an ever-increasing problem of the elderly, who, although unable to continue to take care of themselves in the homes where they have lived for many years, would prefer to live out their days at home, even alone, rather than be forced to abandon their accustomed surroundings and surrender themselves to institutional care. It is uncontroverted that the respondent tenant is receiving home care assistance from the Department of Social Services and can therefore be presumed to be under some supervision. Whether such supervision is sufficient to negate the petitioner landlord’s allegations must necessarily await testimony at a trial of the issues of fact.
Respondent tenant has been judicially declared incompetent in a proceeding in the Supreme Court, and a conservator has been duly appointed. The sole question to be decided by this court at this stage of the proceedings is whether the action *1052 can be maintained without petitioner being granted leave to sue the incompetent and his conservator.
While there is no statutory authority to be found either in the CPLR or in the Mental Hygiene Law that leave of the court must be obtained to sue an incompetent person, the courts have generally held that such leave is required. "Incompetent persons become the wards of the court, upon which a duty devolves of protection both as to their persons and property. This duty is not limited to cases only in which a committee has been appointed, but it extends to all cases where the fact of incompetency exits” (Wurster v Armfield, 175 NY 256, 262 [1903]). "An incompetent person is a ward of the court. Upon being judicially declared incompetent, the court assumes the custody and control of his estate which it manages through the committee as its bailiff or agent * * * [An incompetent] cannot be sued thereafter without permission of the court.” (Sinley v Estco, Inc., 25 Misc 2d 172, 174-175 [I960].) "The control of the estate of an incompetent is vested in the court, and the committee appointed to take charge of such estate is an officer of the court. The court will not permit an action to be maintained against one of its own officers until leave to do so has been granted by it.” (Smith v Keteltas, 27 App Div 279, 280 [1898].) "However, before any action or proceeding may be instituted against a committee, leave of the court to sue such committee must be obtained.” (Shatsky v Sea Gate Assn., 11 Misc 2d 905, 906 [1958]; Smith v Keteltas, supra; Grant v Humbert, 114 App Div 462; Dean v Halliburton, 213 App Div 831 [1925].)
The Uniform Justice Court Act gives a Village Court civil jurisdiction over causes of action arising within such village (UJCA 201 [b]). However, no authority could be found which clothes a Town Court or a Village Court, courts not of record, with the authority to assume the powers of the Supreme Court to appoint a conservator. It would seem to follow that leave to sue an incompetent must be granted by the court which has assumed the custody and control of the incompetent through its agent, to wit, the conservator appointed by such court. Such powers may be exercised only by the Supreme Court. (New York City Hous. Auth. v Pena, 204 Misc 253 [1953].)
The requirement that court’s permission be obtained to sue an adjudicated incompetent is not jurisdictional and such permission may be obtained nunc pro tunc. (Sinley v Estco, supra; Dunham v Fitch, 48 App Div 321 [1900].)
*1053 Respondent’s motion is granted to the extent that petitioner’s petition is dismissed without prejudice to renew upon an order of the Supreme Court granting petitioner leave to proceed with this action and upon the appointment of a guardian ad litem if the Supreme Court shall deem such appointment necessary and in the best interest of the incompetent.