[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISQUALIFY COUNSEL
The defendant Patricia Carroll, has filed a Motion to Disqualify the law firm or Betar Quatrella Hendrie, its successor, the Law Office of David A. Quatrella and Attorney Thomas B. Pursell. The basis of the motion is that Attorney John G. Betar, Jr. represented the defendant Patricia Carroll in various prior real estate transactions.
FACTS
The plaintiff, John Wellner, filed this summary process complaint acting by his attorney Thomas B. Pursell of the law firm of Betar, Quatella [Quatrella] and Hendrie. The complaint is dated July 5, 1994. The claim for relief seeks immediate possession of the premises at 1977 North Benson Road, Fairfield, Connecticut.
The defendant has filed an answer, six special defenses and two counterclaims; one seeking an accounting and the second seeking a constructive trust. The defendant cites Filosi v.Hawkins 1 Conn. App. 634 (1984) for the authority of the Housing CT Page 723 Session to hear complex equitable issues filed as special defenses and counterclaims arising out of the constructive trust issues. The court has already ruled that these counterclaims are proper subjects for the Housing Session under the authority of Filosi v. Hawkins and Conn. General Statutes § 47a-68. The defendants' pleadings allege a web of intertwined real estate transactions between the plaintiff, John Wellner, and the defendants, Patricia Carroll and her husband, the defendant, Robert Carroll. Patricia alleges "Plaintiff obtained a title to a series of properties, including the Premises, that in equity should be owned by the defendant or jointly with the defendant and Robert Carroll."
Specifically the defendants' pleadings allege that on March 16, 1977 Patricia Carroll and Robert Carroll purchased property at 126 Longview Avenue, Fairfield, Connecticut. They allege the financial assistance of the plaintiff, John Wellner, in that purchase. That property was sold and the plaintiff, John Wellner, gave the Carrolls $10,000.00 from the proceeds of the alleged sale of 126 Longview Avenue. On or about March 1, 1979 the Carrolls purchased property at 470-472 Castle Avenue, Fairfield, Connecticut. The plaintiff, John Wellner, told the defendants that their names would not be on the deeds to 470-472 Castle Avenue property to avoid problems associated with Robert Carroll. Carrolls paid $10,000.00 toward the 470-472 Castle Avenue purchase.
On August 22, 1988 the plaintiff John Wellner, who had taken title to 470-472 Castle Avenue house for the defendants, sold the property and the "plaintiff purchased 1977 North Benson Road, Fairfield for the purpose of providing a home for the Carrolls." The pleadings further state that since August 22, 1988 the defendants have lived in the house at 1977 North Benson Road, Fairfield, Connecticut and made the mortgage payments. The pleadings further state that Patricia Carroll or Robert Carroll are both learning disabled and illiterate.
Patricia Carroll filed an affidavit in support of the Motion to Disqualify Counsel. She stated "John Betar is the only lawyer I ever used about anything to do with buying or selling properties with John Wellner". The pleadings further state "The plaintiff in the present action, or his attorney, John Betar, were present at the closing of 126 Longview Avenue and received the proceeds of the sale of 126 Longview Avenue." CT Page 724
The Request for Admissions filed by the plaintiff admits the following facts: "It is admitted that the plaintiff or his attorney received the sale proceeds from 126 Longview Avenue. It is further admitted that the plaintiff for his attorney undertook proper disbursements of said proceeds to pay off the existing mortgages on the premises, to pay for conveyance taxes, brokerage commissions and related closing costs, and to reimburse for costs and expenses for maintenance, upkeep and repair of the premises."
The defendant filed its Motion to Disqualify Counsel on October 20, 1994. Prior to that date the law firm of Betar, Quatrella and Hendrie with offices at 1087 Broad Street, Bridgeport, Connecticut filed numerous pleadings, motions and memorandum on behalf of the plaintiff, John Wellner. On October 26, 1994 an appearance for the plaintiff was filed by Thomas B. Pursell, Esquire of the Law Office of David L. Quatrella, 1087 Broad Street, Bridgeport, Connecticut. The appearance was in lieu of the appearance of Betar, Quatrella and Hendrie.
The plaintiff claims in opposition to the Motion to Disqualify that John G. Betar Jr., is not associated and has never been associated with the substitute counsel, the Law Office or David L. Quatrella and therefore the defendants motion is rendered moot. The plaintiff further argues that the plaintiff never retained John G. Betar Jr. paid for his legal services or ever engaged or paid substitute counsel, the Law Office of David L. Quatrella. No evidence or affidavit in support of those claims was offered by the plaintiff to refute the allegations of the pleadings or the supporting facts contained in Patricia Carroll's affidavit.
The court takes judicial notice regarding the status of John G. Betar Jr. The records of the State of Connecticut indicated that John G. Betar, Jr. resigned as a member of the bar of the State of Connecticut on September 9, 1994 and judicial notice is taken of that fact. The resignation notice was published in the October 11, 1994 issue of the Connecticut Law Journal on page 1E and 2E. Bergeron v. Mackler 225 Conn. 391,397 (1933).
DISCUSSION
The Rules of Profession Conduct appear to cover the issue raised. Rule 1.9 states: CT Page 725
 "A lawyer who has formerly represented a client in a manner shall thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."
The comment section of the Rules of Professional Conduct Rule 1.9 states "After termination of a client-lawyer relationship, a lawyer may not represent another client except in conformity with this Rule."
"The lawyer's involvement in a matter can also be a question or degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. On the other hand, a lawyer who recurrently handled a type or problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client." Rules of ProfessionalConduct, Rule 1.9 Comment.
"Information acquired by the lawyer in course of representing a client may not subsequently be used by the lawyer to a disadvantage of the client." Rules of ProfessionalConduct, Rule 1.9, Comment.
These Rules have been discussed in various appellate court cases. The latest case is Bergeron v. Mackler, at 225 Conn. 391, (1993). That case held that an appearance of impropriety by itself is not sufficient to disqualify either an attorney or the attorney's law firm without exploring whether the law firm's representation of the plaintiff was substantially related to matters in which the firm had represented the defendant.Bergeron recognized the tension between protecting the former client's confidences and preserving the individual's ability to select counsel of their own choice.
The moving party must first establish that they had in the past enjoyed an attorney client relationship with the attorney.State v. Bunkley, supra 652. Once that fact is established there are three elements the court must consider: First, the court must determine if there is a substantial relationship CT Page 726 between the prior and present representation. Rule 1.9(a),State v. Bunkley, 202 Conn. 629 (1987). "Under the substantial relationship portion of the test, disqualification is the proper sanction only upon a showing that the relationship between the issues in the prior and present cases is `patently clear' or where the issues are `essentially the same'". State v. Bunkley, supra 652; State v. Jones, 180 Conn. 443, 449 (1980); Mainolfiv. Zoning Board of Appeals, Derby, 1994 Ct. Sup. 114, 115
(January 5, 1994) (Rush J.).
Second, the court must determine if the plaintiff's interests are materially adverse to the interests of the defendants as the former clients, unless there is consent by the former client. Rule 1.9(a), New Science v. Affinity Research,1994 Ct. Sup. 545, 547 (January 18, 1994) (Mottolese, J.)
Third, the court must weigh the foregoing two step analysis against the plaintiff's right to free selection of counsel as against the public interest in the scrupulous administration of justice. Bergeron v. Mackler, supra 398.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, supra 397. "A trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney. Courts must be solicitous of a client's right freely to choose his counsel, mindful of the fact that a client whose attorney is disqualified must suffer the loss of time and money in finding new counsel and may lose the benefit of its long time counsel's specialized knowledge of its operations. Three competing interests must be balanced: (1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely choosing counsel of its choice; and (3) the public's interest in the scrupulous administration of justice.;" Gamlestaden v. Lindholm, 1994 Ct. Sup. 6274 (June 25, 1994) (Karazin, J.) (citations omitted, internal quotation omitted).
CONCLUSION
The defendant first raises the issue that the plaintiff was not represented by John Wellner and thus there was no attorney client relationship. The defendant has offered no evidence to support that claim. The plaintiff on the other hand has offered CT Page 727 the admissions coupled with the Patricia Carroll affidavit. Based upon those facts the court concludes that Patricia Carroll and Robert Carroll had an attorney-client relationship with John G. Betar, Jr. involving the entire series of real estate transactions from March 1977 to date.
The court in analyzing the three elements set forth in theState v. Bunkley, concludes that the Motion to Disqualify Counsel should be granted and that the law office of Attorney David L. Quatrella and Attorney Thomas B. Pursell as successors to be Betar, Quatrella and Hendrie should be disqualified.
The first element to consider is the substantial relationship between the prior and present representation.Rule 1.9(a). The prior relationship by John G. Betar. Jr. was that of an attorney-client representing Mr. and Mrs. Carroll in real estate transactions, the investment of the proceeds of real estate sales and new purchases. This lawsuit is a summary process action. The principal issue is who has the superior title or possession of the property. Rosa v. Cristina,135 Conn. 364, 365 (1949); Urban v. Prims, 35 Conn. Sup. 233, 236
(1979); Southland Corporation v. Vernon 1 Conn. App. 439, 445
(1984). The defendants are claiming a constructive trust in a counterclaim under the authority of Filiosi v. Hawkins, supra 634. The allegations of that counterclaim cite evidence that the three prior real estate transactions should result in a determination that the actual fee title and equitable title to the premises at 1977 North Benson Road, Fairfield, Connecticut are and should be in the name of Patricia A. Carroll and/or Robert Carroll.
Prior representation of a defendant and her husband in the purchase of a real estate matter a number of years before did not disqualify a law firm from representing the wife in a dissolution of marriage action since there was insufficient facts on the record to determine whether nor not the prior representation was substantially related to the matters in which the firm had represented the defendant wife. Bergeron v.Mackler, supra 393. A law firm was not disqualified from representing a client in opposition to a former client's application before the Zoning Board of Appeals when the same law firm had represented the opposition in the drafting a will six months before. This was held not to be a substantial relationship between the prior and present representation.Mainolfi v. Zoning Board of Appeals, Derby, supra 115. CT Page 728
The issues raised in this summary process lawsuit are the identical issues raised in the prior legal representation. Therefore the court finds that there is substantial relationship between the prior and present representations.
The second element to consider is whether or not the plaintiff's interest is materially adverse to the interest of the defendants as former clients, unless there is consent by the defendants. The documents attached to the Motion to Disqualify Counsel on file clearly indicate that there is no consent by Patricia Carroll and Robert Carroll to the continued representation of John Wellner by Attorney Thomas B. Pursell or the Law Office of David L. Quatrella. The court further finds that the plaintiff's interests are materially adverse to the interests of the defendants as set forth for the reasons in the prior paragraph. The second element has been complied with.
The third element is that the court must engage in a balancing test. The conclusion reached by the above two step analysis must "be weighed against plaintiff's right to the free selection of counsel, subject of course to the public's interest in the scrupulous administration of justice." New Science v.Affinity Research, supra 548. Bergeron v. Mackler, supra 378. This court concludes under the facts of this case, that preserving the integrity of the system prevails over the plaintiff's right to free selection of counsel. The defendants have sustained their burden under the three elements set forth above and this court concludes that the Motion to Disqualify Counsel should be granted as to Attorney John G. Betar, Jr. and the law firm of Betar, Quatrella and Hendrie, the attorneys involved in the previous real estate transaction.
Having disqualified John G. Betar, Jr. who no longer is a member of the Connecticut Bar, and his former law firm Betar, Quatrella and Hendrie the question is, should the successor law firm the Law Office of David A. Quatrella and Attorney Thomas B. Pursell be equally disqualified. This general issue has been addressed in a number of Superior Court cases. This court agrees with the analysis of Judge Pickett in the case of Tempkinv. Tempkin, 10 Conn. L. Rptr. 127 (November 8, 1993).
 Certain circumstances . . . would make disqualification mandatory, absent consent of the former employer's client. These circumstances are present either; (1) CT Page 729 where information relating to the representation of an adverse party gained by the non lawyers while employed in another firm has been revealed to lawyers or other personnel in the new firm. . .; or (2) where screening would be ineffective or the non lawyer necessarily would be required to work on the other side of the same or substantially related matter on which the non lawyer worked or respecting which the non lawyer has gained information relating to the representation of the opponent while under the former employment." Tempkin v. Tempkin, supra 128.
The Tempkin case involved the disqualification of a former secretary who left one law firm and became employed by another law firm who represented clients with interests adverse to their former law firm. The rules above apply to this particular situation with Attorneys Thomas B. Pursell and David Quatrella formerly being associated with the law firm of Betar, Quatrella, and Hendrie. Their former association gave them access to real estate files, records relating to deposits made in those real estate transactions, closing documents filed under the authority of the former law firm and actions taken by the former law firm.
An employee of a law firm be it secretary, paralegal, associate attorney or partner attorney will not perse disqualify the new law firm in which that secretary, paralegal or attorney is now associated from representing new clients by virtue of the fact that the former law firm had represented clients with adverse interest. Rivera v. Chicago Pneumatic Tool Company, CSCR 786 (August 5, 1991); Gadza v. Olin Co., 5 CSCR 227
(January 18, 1990); Rules of Professional Conduct, Rules 1.7 and 1.10. Under these circumstances the courts require that adequate screening procedures be in place. Gamlestaden v.Lindholdm, supra 6279. State v. Jones, 180 Conn. 443, 454
(1980).
This screening procedure is commonly referred to as a "Chinese Wall". An impregnable system of protection must be established between the attorneys and employees who had or were likely to have had knowledge and access to the former client files, records and activities and those attorneys and employees in the new law firm who are handling the matter for the new client, a Chinese Wall must be erected and be maintained between the two files. The failure of the new law firm to segregate all material and information relating to the defendants, Carroll CT Page 730 from the instant summary process file will result in the disqualification of counsel. State v. Jones.[,] supra 454.
Example of possible Chinese Wall procedures are
1) the former lawyers or employees who have knowledge access and familiarity with the Carroll files will not be permitted to disclose or discuss any information.
2) The said lawyer and employees will not be permitted in the vicinity of the new files while others are working on them.
3) The new files will be kept locked and will not be accessible to the said lawyers and employees.
4) The supervisors of the above lawyers and employees will be bound by the above rules and procedures.
5) Each person involved will sign an affidavit and agreement that they will have no contact with the files nor will they discuss the files with anyone or disclose any information acquired in their former positions.
6) The new attorney handling the current file will have no direct contact with the former attorneys or employees who possessed any knowledge of the prior files and transaction records.
Tempkin v. Tempkin, supra 129 Rivera v. Chicago Pneumatic ToolCo., supra 789 Neri v. Neri 1992 CT. Sup. 2658 (March 25, 1991).
There is no evidence which indicates that a Chinese Wall was or will be constructed to prevent knowledge attributable the law firm of John G. Betar, Jr. and or Betar, Quatrella and Hendrie, relating to its representation to Patricia Carroll and Robert Carroll from influencing or being available to the new law firm. There is no evidence that there even could be adequate screening procedures relating to attorneys, paralegals, and employees of Betar, Quatrella and Hendrie. Gamlestaden v.Lindholm, supra 6280.
Furthermore Rule 1.6 Rules of Professional Conduct states "A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation." This rule may very well be violated by CT Page 731 permitting Thomas B. Pursell Esquire and the Law Office of David A. Quatrella to continue to represent John Wellner as a plaintiff in this suit.
The Motion to Disqualify Counsel is granted and it is ordered that the following counsel be disqualified from representing John Wellner in this lawsuit: John G. Betar Jr., Thomas B. Pursell, Esq., attorneys who were associated with John G. Betar, Jr. and the law firm of Betar, Quatrella, and Hendrie from January 1, 1977 to date, the Law Office of David A. Quatrella and those attorneys who currently have as an employee any paralegals, secretarys, clerks or employees who were employed by John G. Betar, Jr. and the law firm of Betar, Quatrella and Hendrie from January 1, 1977 unless a court approved screening process has been previously approved by this court for said paralegal, secretary, clerk or employee.
BY THE COURT
KEVIN TIERNEY, JUDGE