[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR ORDER
This is a summary process action which resulted in a default judgment against the defendant. When the action was commenced the defendant was a duly adjudged incompetent, and known to be so by the plaintiff. For this reason the court granted the defendant's CT Page 777 motion to open the default judgment. See Ridgeway v. Ridgeway,180 Conn. 533, 539 (1980); Cottrell v. Connecticut Bank TrustCo., 175 Conn. 257, 261-62 (1978); Shatsky v. Sea GateAssociation, 11 Misc.2d 905, 172 N.Y.S.2d 947 (1958); 53 Am.Jur.2d, Mentally Impaired Persons, § 170.
The defendant has now moved for a "motion for order" seeking (1) to dismiss this action, (2) the return of his security deposit, and (3) reimbursement of his filing fee and attorneys' fees incident to the motion to open the judgment.
A party may seek dismissal of an action by filing a motion to dismiss, stating proper grounds, accompanied by a memorandum of law. Practice Book §§ 142, 143, 204. This the defendant has not done.
With respect to the defendant's monetary claims, "[a] summary process action is designed solely to decide `the simple question of who is entitled to possession.' Yarbrough v. Demirjian,17 Conn. App. 1, 3, 549 A.2d 283, cert. denied, 209 Conn. 828,552 A.2d 434 (1988); Urban v. Prims, 35 Conn. Sup. 233, 236,406 A.2d 11 (1979). A claim for damages is not properly raised in a summary process action. Politzer v. Jeffrey, Inc.,133 Conn. 605, 607, 53 A.2d 201 (1947); Webb v. Ambler, 125 Conn. 543,551-52, 7 A.2d 228 (1939)." Carnese v. Middleton,27 Conn. App. 530, 535, 608 A.2d 700 (1992). "A separate lawsuit for money damages can be filed by either party to a summary process suit."Henesy v. Fleiss, Superior Court, Judicial District of Stamford/Norwalk Housing Session at Norwalk, No. HCNO 9512-027 (1996). Also, "a summary process action is an inappropriate forum for the court to consider the claim for attorneys' fees.Urban v. Prims, 35 Conn. Sup. 233, 236 (1979). A separate action is necessary to sue for money damages . . . . Webb v.Ambler, [supra, 125 Conn. 551-552." Bogue v. Moquin, Superior Court, Judicial District of Fairfield Housing Session at Bridgeport, No. SPBR-9412-28487 (Jan. 25, 1995).
For these reasons the motion for order is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court
CT Page 778