[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action. The complaint is premised upon a Notice to Quit for the following reason: "Your right or privilege to occupy the premises has been terminated."
The defendant filed an appearance and answer where he asserted the following:
 a) that he had been invited to live on the premises by one of the trustees;
CT Page 5121
 b) that such trustee did not sign or participate in the eviction notice process;
c) that notice should include or be served by the donor;
d) a request for written notice of the grounds for eviction.
Connecticut General Statutes § 47a-23 provides for dispossession against any person "who has no right or privilege to occupy such premises, or where one originally had the right or privilege to occupy such premises but such right or privilege has terminated. . . ." The statute also allows for the issuance of a Notice to Quit and the Summary Process Complaint by the owner's representatives . . . Urban v. Prims, 35 Conn. Sup. 233 (1979).
In the present case, the defendant was served with a written Notice to Quit where he was informed that his right or privilege to occupy the premises had been terminated. There is no requirement that the donor be included or serve the notice.
The owner's representatives are allowed to bring an action on behalf of the owner. In the present case, the trustees are the representatives of the owner and the Trust Agreement[1] states the terms of the trust.
Article 4, paragraph 6 of the Trust Agreement provides as follows: ". . . the decision of 3 of the trustees shall control. Any action taken pursuant to the decision of the 3 trustees shall be as effective as if such action were taken pursuant to the decision of all. . . ."
At the meeting of the Board of Trustees held on September 14, 1997, three of the four trustees present voted to give the defendant notice to leave the premises.[2] The decision of the 3 trustees and authorization taken is as effective as if such action were taken pursuant to the decision of all. The fact that one of the trustees did not sign or participate in the action does not render such action ineffective.
In the present case, the defendant was given notice to quit as required.
Plaintiff's claim for Judgment for Possession of the Premises is granted. CT Page 5122
Crawford, J.