## FRANK H. WHITTEMORE v. CECIL L. SMITH.

Certain premises were leased in writing to D for one year with the privilege of five, the lease not being recorded. D elected to occupy for five years. During the second year the plaintiff purchased the premises, and repeatedly afterwards accepted from D the rent provided for by the lease. In a suit brought by the plaintiff before the expiration of the term for the possession of the premises, it was held that evidence was admissible against the plaintiff that he knew of the existence of the written lease and of its terms.

The act of 1882, (Session Laws, 1882, p. 145,) provides that whenever in a trial a ruling is made as to evidence objected to, a statement of the question if excluded, and of the question and answer if admitted, and of the ruling of the court, shall, if moved for, be forthwith made in writing and certified by the judge and become part of the record; and that unless such motion shall be made all objection to the ruling shall be considered as waived. Held, that the party against whom the ruling is made has a right to insist, unless in some very special case, that all proceedings shall be suspended until the written statement of the ruling has been made and certified by the judge.

CIVIL ACTION to recover possession of real estate, with rents and profits; brought to the City Court of the city of New Haven, and tried to the jury on the general issue before *Sheldon, J.* Verdict for the plaintiff, and appeal to this court by the defendant. The case is sufficiently stated in the opinion.

*J. Twiss* and *E. P. Arvine*, for the appellant.

*S. R. Hull*, with whom was *G. A. Tyler*, for the appellee.

GRANGER, J. The complaint demands possession of the premises described in it and two hundred dollars damages. The parties were at issue upon a general denial. The main question was, whether the defendant was wrongfully in possession of the premises. The plaintiff claimed to be the legal owner of the premises; the defendant claimed that he was in possession by virtue of a lease from the agent of the plaintiff to a Mrs. A. C. Downs, and that

he was occupying the premises as her agent during her temporary absence; and the defendant, to show that he was lawfully in possession, offered a written lease of the premises for one year with the privilege of five years, purporting to have been executed by F. J. Whittemore, the father of the plaintiff, as agent for one Samuel Hamilton, a former owner of the premises, to Mrs. Downs. Afterwards, and during the second year of the lease, Mrs. Downs having elected to occupy under it for five years, Hamilton conveyed the premises to F. J. Whittemore, and soon after the latter conveyed them to the plaintiff. This evidence was accompanied with an offer of proof that the plaintiff, when he became owner of the premises, knew of the existence of the lease and its contents, and that F. J. Whittemore, after the sale of the premises to the plaintiff, continued to be the agent of the latter in the management of the premises in the same manner as he had been when Hamilton was owner; and that the fact of the existence and contents of the lease offered in evidence were communicated by F. J. Whittemore to the plaintiff at the time he took his title deed of the premises, and that with this knowledge the plaintiff had repeatedly accepted from Mrs. Downs the rent provided for by the lease. The lease had never been recorded. The present suit was brought before the term of five years had expired. The court rejected the lease and the offer of the defendant to bring the facts home to the plaintiff.

The plaintiff was a witness and testified that he was the owner of the premises and that he caused the notice set out in the finding to be served upon the defendant.

On cross-examination of the plaintiff, the defendant's counsel asked him the following questions:

1. "Do you know the nature of Mrs. Downs's occupancy of the premises described in the complaint?"

2. "Was it brought to your knowledge that Mrs. Downs was occupying these premises under a lease at the time of your purchase?"

3. "Do you know any of the conditions under which she occupied these premises?"

The court excluded the lease and the foregoing questions. In doing so we think it committed an error, which should entitle the defendant to a new trial.

It matters not whether the father of the plaintiff was agent for Hamilton or for the plaintiff, or whether he had any authority from either of them to make a lease of the premises, if in point of fact he made a lease to Mrs. Downs professing to be either agent for Hamilton or agent for the plaintiff, and the plaintiff, knowing of the lease, accepted rent under it or did any other act from which a fair inference could be drawn that he ratified the lease. The actual authority to make the lease from F. J. Whittemore was of no consequence.

The questions propounded by the defendant tended to bring out the fact that the plaintiff knew of the existence and terms of the lease made by F. J. Whittemore, his father, to Mrs. Downs. They were clearly germane and legitimate and should have been admitted as well as the lease. If the defendant could have shown that the lease had been ratified, as he offered to do by the plaintiff, very clearly the plaintiff was not entitled to a verdict. This is an elementary principle and needs no citation of authority to support it.

As a new trial must be granted upon this ground, it becomes unnecessary to consider the other question made in the case, but as it is one of importance we will notice it.

In 1882 the legislature passed the following act (Session Laws of 1882, p. 145:) "Whenever in the trial of a cause objection is made to any evidence offered, and such evidence is received or rejected by the court, upon the motion of either party a statement of the evidence so received or rejected, including (if the objection be to a question) the question if excluded, or the question and answer if admitted, with the grounds of objection and the ruling of the court thereon, shall be forthwith reduced to writing and certified by the judge, and shall become part of the record in the cause; and unless such motion be so made all objection to such ruling shall be considered as waived." It

appears from the record that the court excluded a certain paper offered in evidence by the defendant's counsel, and that the latter "both then and after the jury had retired, requested the court to certify to the ruling in reference to said paper and the defendant's exception thereto. But that the court did not so certify at that time."

The statute is clear, explicit, and susceptible of but one construction. The statement of the evidence and the ruling must be made "forthwith"—that is, immediately—without delay. The party against whom the ruling is made has a right under this statute to insist, unless perhaps in some very special case, that all proceedings shall be suspended until his objection has been reduced to writing. The object of the statute was to prevent any possible uncertainty as to the ruling. While it is not necessary for us to consider how far a neglect of this duty on the part of the court is fatal to the validity of a verdict in favor of the other party, we yet feel it our duty to express our clear conviction that the requirements of the statute are to be strictly complied with.

A new trial is advised.

In this opinion the other judges concurred.