JOHN P. CONNORS *vs.* BERNARD CLARK ET UX.

First Judicial District, Hartford, May Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and CASE, Js.

A lease was given in January, 1901, " for the term of one year with a privilege of five years from the first day of February, 1901." *Held* that the five-year privilege began to run, not from the end of the first year, as contended by the lessee, but from the commencement of the term ; and therefore all rights of the tenant under the lease expired February 1st, 1906, when he became liable to an action of summary process upon his refusal to surrender possession.

A subsequent clause of the lease provided that any holding over by the lessee " should be taken to be a renewal of said lease for a period of one year with the aforesaid privilege." *Held* that whatever might have been the effect of this provision upon the rights of the parties under other conditions, there was nothing in it which was hostile to the lessor's claim as to the nature and extent of such " privilege."

After stipulating that if the rent should not be paid promptly, if unauthorized alterations were made by the lessee, or if waste was committed by him, the lease should terminate and the lessor might recover possession in the manner prescribed by the statute relating to summary process, the clause ended with this provision : " and all right of notice to quit possession is expressly waived by said lessee." *Held* that this waiver of notice applied to all terminations of the lease, whether wrought by lapse of time or by the causes specified in the earlier part of the clause.

The complaint did not aver that notice to quit was given prior to the action, nor did it directly allege a waiver of such notice by the tenant, but did recite the lease in full. *Held* that a demurrer for such cause was purely technical, and that the trial court's adverse ruling thereon, whether correct or otherwise, did not touch the substantial rights of the parties, all of which were correctly adjudicated.

Submitted on briefs May 3d—decided June 4th, 1906.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* judgment for the defendants, and appeal by the plaintiff. *No error.*

The summary process complaint presented to the justice

Connors *v.* Clark.

of the peace and dated February 2d, 1906, alleged that on January 5th, 1901, the defendants in error gave to a partnership of which the plaintiff in error was a member a written lease of certain premises, which lease was set out at length in the complaint. By the terms of this lease it appeared that it was given "for the term of one year with a privilege of five years from the first day of Feb., 1901." In its concluding paragraph it was further provided that "any holding over by the lessees shall be taken to be a renewal of said lease for a period of one year with the aforesaid privilege." The lessees agreed " to peaceably quit and surrender the premises at the end of the term, or sooner termination of this lease, in as good condition as the same are or shall be put," etc. In the following paragraph provision is made for the termination of the lease for nonpayment of rent, unauthorized alterations, commission of waste or injury to the premises, and for the recovery of possession by the lessors at any time thereafter, without re-entry in the manner prescribed by the statute relating to summary process. Then follows, as the closing words of this paragraph, the following : " and all right of notice to quit possession is expressly waived by said lessees." The complaint further alleged that on February 1st, 1901, said lessees entered into possession under said lease, that the plaintiff in error subsequently succeeded to the rights of said copartnership lessees, that on February 1st, 1906, said lease expired and terminated by lapse of time, and that the plaintiff in error still neglected and refused to surrender the possession.

To this complaint the defendant demurred and the demurrer was overruled. Judgment having been afterward rendered for the plaintiffs, the present writ of error was brought.

*Bernard F. Gaffney,* for the appellant (plaintiff).

*John H. Buck* and *Harry M. Burke,* for the appellees (defendants).

PRENTICE, J. The only error imputed to the justice is that he overruled the demurrer to the complaint. Save as a question of pleading is incidentally raised by the plaintiff in error, the demurrer presents but two questions, and those are questions whose answers are to be found in the construction to be given to the provisions of the lease.

The complaint alleges that the lease expired and terminated by lapse of time on February 1st, 1906. The correctness of this material averment depends, as the parties agree, upon the interpretation to be given to that portion of the language of the lease which prescribes the period for which the lessee was privileged to occupy the premises by the extension of the original one-year term, which terminated February 1st, 1902. He asserts that his privilege was one which entitled him to extend his tenancy over a period of five years from and after that date, thus making it one of six years in the whole. The lessors, on the other hand, assert that the lease gave to the lessees no rights in the exercise of which a tenancy extending beyond February 1st, 1906, could be created.

We think that the lessors' interpretation of the instrument is the correct one. Its language does not readily yield to any other construction, and to construe it as though it read "five years more," or "five years additional," is to ignore the natural meaning of the language actually employed by the parties to express their intent, and to give to that language a strained and forced interpretation. If the parties intended that the lessees should have an option or options covering a period of five years following the one-year term, apt and simple language to express that intent was at their command, and it is scarcely conceivable that they would not have used it. See *Whittemore* v. *Smith*, 50 Conn. 376.

The provision which appears later in the lease, to the effect that any holding over shall be taken to be a renewal for a period of one year " with the aforesaid privilege," is relied upon as fortifying the lessee's contention. Whatever might be the effect of this provision upon the rights

of the parties under certain conditions not now presented, we are unable to discover in it anything which militates against the lessors' present claim as to the nature and extent of " the aforesaid privilege " referred to.

The complaint does not allege the giving of a notice to quit as provided by statute. The plaintiff in error contends that without such notice the summary process could not be successfully maintained. The defendants in error answer that the lessees have in the lease waived all right to such notice. Referring to that instrument, we find the provision that " all right of notice to quit possession is expressly waived by said lessees." This provision, however, is found in a paragraph which deals solely with terminations from other causes than lapse of time, and stipulates for such terminations, and it is connected with the body of that paragraph by the conjunction " and." Notwithstanding the argument drawn from this fact, we think that it is apparent that the intention of the parties was that the waiver provision in question should be as comprehensive as its language naturally implies, and include " all " right of notice, and not a right of notice under certain conditions expressed in the paragraph in which it chances to appear. *Zimmerman* v. *Mechanics Savings Bank*, 75 Conn. 645, 648, 54 Atl. 1120; *Stapleberg* v. *Stapleberg*, 77 Conn. 31, 35, 58 Atl. 233; 9 Cyc. 585.

The plaintiff in error in his brief advances the proposition that the defendants in error were not entitled to the benefit of a waiver, since one was not otherwise alleged than as it appeared in the recited lease. This objection is purely technical and relates only to the form of the complaint. Any adverse ruling thereon, whether correct or incorrect, did not- touch the merits of the case, and could not have harmed the plaintiff in error, whose substantial rights, as he presented them upon the demurrer, were adjudicated and correctly adjudicated.

There is no error.

In this opinion the other judges concurred.