FIRSTLIGHT HYDRO GENERATING COMPANY *v.*
FIRST BLACK INK, LLC
(AC 34512)

Lavine, Sheldon and Pellegrino, Js.

Argued March 11—officially released June 25, 2013

*Peter C. Hunt*, for the appellant (defendant).

*Giovanna Tiberii Weller*, with whom were *Saima J. Zuberi* and, on the brief, *Richard L. Street*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. This appeal arises from a summary process action based on lapse of time of a written commercial lease between the plaintiff landlord, FirstLight Hydro Generating Company, and the defendant tenant, First Black Ink, LLC. The defendant appeals from the judgment of the trial court awarding immediate possession of the subject premises to the plaintiff. On appeal, the defendant claims that the court incorrectly found that the defendant waived its right to be served with a notice to quit possession prior to the plaintiff commencing the summary process action, and that, without service of a notice to quit, the court lacked subject matter jurisdiction over the action. Because we find that the

defendant waived its right to a notice to quit, we affirm the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. On July 31, 1996, the plaintiff's predecessor, Connecticut Light and Power Company,[1] entered into a written lease agreement (lease) with the defendant for the commercial use and occupancy of certain land and water located in the town of New Fairfield (premises). The lease encompassed a nine year, five month period of time expiring on December 31, 2005. The defendant took possession of the premises pursuant to the lease and continues to occupy the same, although the term of the lease has expired.

On October 12, 2011, the plaintiff commenced a summary process action against the defendant seeking a judgment of eviction and immediate possession of the premises. The plaintiff did not serve the defendant with a notice to quit possession prior to commencing the action; however, the complaint alleged that in paragraph 17 of the lease, the defendant waived its right to a notice to quit. That paragraph of the lease provides, in its entirety: "Lessee's Default. If the [l]essee fails to make any payment due hereunder within ten (10) days of when it is due, or fails to cure each default in its compliance with any of the other terms and conditions of this [l]ease within thirty (30) days after the date of [lessor's] notice specifying each such default, then this [l]ease shall terminate, and [lessor] may at any time thereafter reenter the [p]remises, or without such reentry, recover possession thereof in the manner prescribed by the statutes relating to [s]ummary [p]rocess. No demand for the rent, and no reentry for conditions broken, as at common law, shall be necessary to enable [lessor] to recover such possession, pursuant to said

---

[1] The court found that the plaintiff had been assigned Connecticut Light and Power Company's rights under the lease.

statutes relating to [s]ummary [p]rocess. Lessee hereby EXPRESSLY WAIVES all right to any such demand or notice of reentry. The [l]essee FURTHER WAIVES all right to any notice to quit possession as may be prescribed by the statutes relating to [s]ummary [p]rocess." (Emphasis in original.)

The defendant moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction over the action because the plaintiff had failed to serve a notice to quit pursuant to General Statutes § 47a-23 (a)[2] prior to commencing the summary process action. The court denied the motion and concluded that, pursuant to the terms of the lease, the defendant had waived its right to notice in accordance with General Statutes § 47a-25.[3] The defendant then filed an answer and special defense, asserting again that the plaintiff's failure to serve a notice to quit deprived the court of subject matter jurisdiction to hear the action.

The court conducted a trial in this matter on March 5, 2012. On March 28, 2012, the court rendered judgment in favor of the plaintiff and awarded it immediate possession of the premises. In the accompanying order, the court noted that, pursuant to § 47a-25, a written lease may contain an express waiver of service of a

[2] General Statutes § 47a-23 (a) provides in relevant part: "When the owner or lessor . . . desires to obtain possession or occupancy of any land or building . . . and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time . . . such owner or lessor . . . shall give notice to each lessee . . . to quit possession or occupancy of [the premises] at least three days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee . . . to quit possession . . . ."

[3] General Statutes § 47a-25 provides: "When, in any written lease of any land, building, apartment or dwelling unit, notice to quit possession has been expressly waived by the lessee in the event such lease terminates by lapse of time, the three days' notice prescribed in [§ 47a-23] shall not be necessary; and complaint and summons may issue in the same manner as if such notice to quit had been previously given."

notice to quit where termination is based upon a lapse of time. The court then held that because the lease stated that "[t]he [l]essee FURTHER WAIVES all right to any notice to quit possession as may be [prescribed] by the statutes relating to [s]ummary [p]rocess," the defendant had waived its right to service of a notice to quit. This appeal followed.

On appeal, the defendant contends—as it has throughout the trial court proceedings—that it did not expressly waive its right to a notice to quit, and accordingly, the trial court lacked subject matter jurisdiction over the action. The defendant further asserts that the court incorrectly found it had waived its right to a notice to quit, claiming that because the waiver language in the lease is contained in a paragraph that concerns only the plaintiff's rights upon the "lessee's default" of its obligations, the waiver does not extend to the circumstances present here, where the lease terminated for lapse of time. We are not persuaded.

We first set forth the standard of review and general legal principles applicable to our disposition of this appeal. "A notice to quit is a condition precedent to a summary process action and, if defective, deprives the court of subject matter jurisdiction." *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, 284 Conn. 1, 5, 931 A.2d 837 (2007). As our Supreme Court has recognized, "because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) Id. "Furthermore, [s]ummary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process

must be narrowly construed and strictly followed." (Internal quotation marks omitted.) Id., 5–6.

"In construing a written lease . . . three elementary principles must be [considered]: (1) The intention of the parties is controlling and must be gathered from the language of the lease in the light of the circumstances surrounding the parties at the execution of the instrument; (2) the language must be given its ordinary meaning unless a technical or special meaning is clearly intended; [and] (3) the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." (Internal quotation marks omitted.) Id., 8. Where the language of a written lease is unambiguous,[4] our review of the trial court's interpretation of the lease agreement involves a question of law subject to plenary review. See, e.g., *Jo-Ann Stores, Inc.* v. *Property Operating Co., LLC*, 91 Conn. App. 179, 189, 195, 880 A.2d 945 (2005) ("[o]ur review of unambiguous provisions of a lease is plenary"); see also *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, supra, 284 Conn. 7–8 (review of court's determination of intent based solely on language of lease agreement "involves a question of law over which our review is plenary").

The resolution of this appeal turns on the interpretation of the waiver language contained in paragraph 17 of the lease, and specifically, whether that language constitutes a waiver of a notice to quit where the lease terminates for lapse of time. The defendant claims that our reading of the waiver provision must be constrained by the fact that the title of paragraph 17 and the remainder of its provisions refer to the context of a lessee's default. The defendant argues that the waiver has no application in circumstances beyond termination of the lease by default of the lessee and does not apply here. The plaintiff, by contrast, asserts that we must read the waiver provision of paragraph 17 in the context of the

---

[4] Neither party has asserted that paragraph 17 of the lease is ambiguous.

lease as a whole and in conjunction with the summary process statutes—which allow for waiver of a notice to quit only where the operative lease terminates for lapse of time. See General Statutes § 47a-25. The plaintiff thus contends that, notwithstanding the heading or other provisions of paragraph 17, the waiver language must be read as an express waiver of a notice to quit where the lease terminates for lapse of time and, accordingly, operated to waive the defendant's right to a notice to quit in this case. We agree with the plaintiff.

Here, as both parties recognize, the heading and initial sentences of paragraph 17 of the lease relate to circumstances in which the lessee defaults on its obligations under the lease. That fact alone is not dispositive, however, because paragraph 17 is also the only paragraph of the lease to mention summary process actions and the statutory requirements pertaining to such actions. The relevant waiver language appears at the end of the paragraph, after the references to the lessee's default and the initial mention of the summary process statutes, and states that the lessee "*FURTHER* WAIVES *all* right to *any* notice to quit possession as may be prescribed by the statutes relating to [s]ummary [p]rocess." (Emphasis added.) Reading paragraph 17 in the context of the lease as a whole, as we must, we conclude that the relevant waiver language is not limited to the default context and instead provides that the defendant waived all rights to any notice to quit as allowed by the statutes in any summary process action.[5] See *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, supra,

[5] We are not persuaded by the defendant's contention that the waiver provision does not constitute an "express waiver" within the meaning of § 47a-25 because it does not contain the words "express" or "lapse of time." The penultimate sentence of paragraph 17 indicates that the lessee "expressly waives" the right to a demand for rent or a notice of reentry in the event of a default, and the word "further" in the final sentence of the paragraph suggests that the waiver of the notice to quit is a continuation of the list of rights the lessee "expressly waive[d]" in the preceding sentence. Moreover, as discussed in further detail herein, the waiver provision allows for the waiver of a notice to quit "as may be [prescribed] by the statutes

284 Conn. 8 ("the lease must be construed as a whole" [internal quotation marks omitted]); cf. *Imation Corp. v. Koninklijke Philips Electronics N.V.*, 586 F.3d 980, 987 n.3 (Fed. Cir. 2009) (court unwilling to resolve contract interpretation question based on section headings "where doing so would conflict with the plain reading of operative language elsewhere in the contract").

Although *Connors v. Clark*, 79 Conn. 100, 63 A. 951 (1906), predated the enactment of § 47a-25, our Supreme Court's interpretation of a similarly positioned waiver provision is illuminating. In *Connors*, the complaint in a summary process action alleged that a written lease terminated by lapse of time; id., 102; but did not "allege the giving of a notice to quit as provided by statute." Id., 103. The lessees contended that "without such notice the summary process could not be successfully maintained." Id., 103. The court referenced the parties' written lease, which provided that "all right of notice to quit possession is expressly waived by . . . lessees." (Internal quotation marks omitted.) Id. The court noted that the provision was "found in a paragraph which deals solely with terminations from other causes than lapse of time, and stipulates for such terminations, and it is connected with the body of that paragraph by the conjunction 'and.' " Id. The court, however, concluded: "Notwithstanding the argument drawn from this fact, we think that it is apparent that the intention of the parties was that *the waiver provision in question should be as comprehensive as its language naturally implies, and include 'all' right of notice, and not a right of notice under certain conditions created by the paragraph in which it chances to appear.*" (Emphasis added.) Id. Likewise, here, the last sentence of paragraph 17 explicitly states that the lessee waives "all right to any notice to quit" as prescribed by the summary process statutes. Reading this provision "as comprehen-

relating to [s]ummary [p]rocess," which only allow for the waiver of a notice to quit in the lapse of time context.

sive[ly] as its language naturally implies"; id.; we cannot conclude that the waiver in question pertains only to the lessee's default context.

Furthermore, we note that the "statutes relating to [s]ummary [p]rocess" referenced in the waiver provision at issue allow for the waiver of a notice to quit in only one circumstance—where the operative lease terminates for lapse of time. See General Statutes § 47a-25. Reading a "lessee's default" contextual requirement into the waiver provision would effectively read the provision out of the lease, as it would be unenforceable under the summary process statutes. See General Statutes § 47a-4 (b). A reading which renders the waiver provision superfluous does not comport with our precedent requiring us to construe a lease "in such a manner as to give effect to every provision, if reasonably possible." (Internal quotation marks omitted.) *Bristol* v. *Ocean State Job Lot Stores of Connecticut, Inc.*, supra, 284 Conn. 8; see also *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 674, 791 A.2d 546 (2002) ("[t]he law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous").[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] In light of our precedent requiring us to give effect to every provision of a lease, we cannot accept the defendant's line of argument essentially asking us to ignore the final sentence of paragraph 17 and assume that the waiver provision either was included erroneously in the lease as a holdover from a form lease drafted prior to the amendment of § 47a-25 in 1980, or was inserted into the lease as a purposefully unenforceable waiver clause. Our conclusion in this regard is supported further by paragraph 34 of the lease, which states: "If any term, covenant, condition or provision of this [l]ease or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this [l]ease, or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and each term, covenant, condition and provision of this [l]ease shall be valid and be enforced to the fullest extent permitted by law." Under paragraph 34, the only possible reading of the waiver provision

in paragraph 17 is its lawful, enforceable meaning—a waiver of the right to a notice to quit where the lease terminates for lapse of time.