******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARCIA L. WILKES *v.* KEVIN J. THOMSON ET AL.
(AC 35889)

Gruendel, Beach and Alvord, Js.

*Argued November 21, 2014—officially released February 3, 2015*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Housing Session at Norwalk, Hon.
Jack L. Grogins, judge trial referee.)

*David E. Dobin*, with whom was *Barbara M. Schellenberg*, for the appellants (defendants).

*Jason P. Gladstone*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants, Kevin J. Thomson and Christina C. Thomson, appeal from the judgment of the trial court rendered in favor of the plaintiff, Marcia L. Wilkes, denying the defendants' motion for attorney's fees. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In September, 2012, the plaintiff brought a summary process action against the defendants. She alleged that the defendants had failed to pay rent pursuant to a lease agreement, that the defendants had been served with a notice to quit possession, and that the defendants had not timely vacated the premises. The plaintiff sought the remedy of immediate possession of the premises.

In December, 2012, the defendants moved to dismiss the action for lack of subject matter jurisdiction. They argued that the notice to quit was fatally defective because the plaintiff included in the notice to quit a ground that was inapplicable to the case.[1] The defendants' argument was premised, apparently, on the notion that the first ground, nonpayment of rent, depended on the existence of a valid lease, and the second ground, no privilege to remain on the premises, assumed the lack of a valid lease. Because the plaintiff had admitted that there was a valid lease, the second ground was clearly inapplicable, and the notice to quit was, therefore, equivocal and, pursuant to law, the court lacked subject matter jurisdiction. The court denied the motion, stating that, although alternative grounds were stated in the notice to quit, the notice was not thereby ambiguous or doubtful.

In June, 2013, the defendants filed a motion to dismiss the action as moot on the ground that they had vacated the premises on May 29, 2013. The court granted the motion because the only remedy sought in the complaint was immediate possession of the premises and the parties agreed that the defendants had vacated the premises.

In July, 2013, the defendants filed a motion pursuant to General Statutes § 42-150bb and Practice Book § 11-21 for an award of attorney's fees "for their successful defense of [the] summary process action." The court denied the motion because the defendants had not successfully defended the action, but, rather, the action was rendered moot by the defendants' vacating the premises. This appeal followed.

Section 42-150bb provides in relevant part: "Whenever any . . . lease entered into . . . provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully . . . defends an action . . . based upon the . . . lease. . . ." In *Centrix Management Co., LLC* v. *Valencia*, 145

Conn. App. 682, 692, 76 A.3d 694 (2013), this court recognized that a prevailing defendant in a summary process action may be entitled to attorney's fees.

The defendants claim that they were the prevailing parties and therefore were entitled to attorney's fees for two reasons: (1) the trial court should have granted their motion to dismiss for lack of subject matter jurisdiction, and, had the court acted properly, they would have prevailed; and (2) they ultimately successfully moved to dismiss the case for mootness because they had vacated the premises.

It is true that there is no subject matter jurisdiction in a summary process action in the absence of a valid notice to quit. "Before the [trial] court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . As a condition precedent to a summary process action, a proper notice to quit [pursuant to General Statutes § 47a-23] is a jurisdictional necessity." (Citations omitted.) *Lampasona* v. *Jacobs*, 209 Conn. 724, 728–29, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989). "A notice to quit is a condition precedent to a summary process action and, if defective, deprives the court of subject matter jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Firstlight Hydro Generating Co.* v. *First Black Ink, LLC*, 143 Conn. App. 635, 639, 70 A.3d 174, cert. denied, 310 Conn. 913, 76 A.3d 629 (2013).

Section 47a-23 (a) provides in relevant part: "When the owner or lessor . . . desires to obtain possession or occupancy of any . . . dwelling unit . . . and (1) when a rental agreement or lease of such property . . . terminates for . . . (D) nonpayment of rent . . . or (3) when one originally had the right or privilege to occupy such premises but such right or privilege has terminated . . . such owner or lessor . . . shall give notice to each lessee or occupant to quit possession or occupancy . . . ."

The court did not err in denying the defendants' motion for attorney's fees on this basis. The notice to quit was unambiguous and complied with § 47a-23 (a). The notice to quit listed two clear reasons: nonpayment of rent pursuant to § 47a-23 (a) (1) (D), and termination of the privilege to occupy pursuant to § 47a-23 (a) (3). Alternative pleading has long been recognized as proper; see, e.g., *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 245, 492 A.2d 164 (1985); and there is no prohibition to state alternative reasons in a notice to quit.[2] See *Norwalk Mall Venture* v. *Mijo, Inc.*, 11 Conn. App. 360, 365, 527 A.2d 1202 (1987). The court did not err in finding that the notice to quit was not defective.

We cannot help but observe, moreover, that a party does not "prevail" by filing a dispositive motion that is denied by the trial court, even if the court errs in denying the motion. Were the party successfully to appeal and to have judgment rendered in its favor on remand, it would be in a tenable position to claim attorney's fees.

The defendants further claim that they successfully defended the action by obtaining a dismissal of the action as moot, and, thus, the court erred in denying their motion for attorney's fees pursuant to § 42-150bb. We disagree. The court properly determined that the defendants had not successfully defended the action. They did not prevail on the merits of their answer or special defenses. Rather, they vacated the premises, voluntarily providing the only relief sought by the plaintiff.[3] There was, then, no longer a case or controversy. The court properly denied the defendants' motion for attorney's fees.

The judgment is affirmed.

[1] The defendants included a second ground, which they subsequently withdrew.

[2] If a notice to quit is otherwise ambiguous or equivocal, of course, it may not provide a basis for subject matter jurisdiction.

[3] The prospect of entitlement to attorney's fees by virtue of agreeing to relief the sought and then moving to dismiss on mootness grounds is somewhat unsettling.